The State v. Dodson.

---

### THE STATE v. DODSON, *Appellant.*

1. **The Bill of Exceptions** may be filed as well after as before the allowance of the appeal.

2. **Special Judge:** PRACTICE, CRIMINAL. A conviction before a special judge will not be set aside on the ground that the defendant's affidavit of prejudice on the part of the regular judge was not supported by the oaths of two or more reputable persons, as required by statute, unless this objection was taken at the time in the trial court.

3. **Indictment for Embezzlement:** AVERMENT OF AGENCY. An indictment for embezzlement framed under section 35, page 458, Wagner's Statutes, need not directly aver the defendant's agency; it is sufficient if the agency distinctly appears.

4. **Embezzlement.** Under an indictment charging embezzlement of horses, it is error to admit evidence or to instruct the jury in regard to embezzlement of the proceeds of the horses.

*Appeal from Hickory Circuit Court.*—The case was tried before J. B. UPTON, ESQ., sitting as Special Judge.

REVERSED.

Conviction of embezzlement of property of one Stoughton. The bill of exceptions was filed the day after the appeal was allowed.

*Amos S. Smith* for appellant.

1. The indictment contains no direct averment that defendant was the agent of Stoughton.

2. The petition for change of venue from the regular judge was insufficient, because not supported by the affidavits of two or more reputable persons. R. S., § 1878; *State v. Lawther*, 65 Mo. 454. Special Judge Upton, therefore, had no jurisdiction to try the case.

3. The State was bound to show that defendant embezzled the identical property alleged in the indictment, the horses, not the money for which they were sold. Bishop Crim. Law, §§ 358, 360, 362.

*J. L. Smith*, Attorney-General, for the State.

1. The objection to the election of the special judge should have been made at the time. It comes too late after trial. *State v. Knight*, 61 Mo. 373.

2. The indictment is sufficient. *State v. Meyers*, 68 Mo. 266; *State v. Mohr*, 68 Mo. 303.

3. The bill of exceptions is a nullity because filed after the appeal was allowed. The court by allowing the appeal lost jurisdiction of the case, and had no power to allow a bill of exceptions, or to permit it to be filed. *State v. McO'Blenis*, 21 Mo. 272; *Foster v. Rucker*, 26 Mo. 494; *Brill v. Meek*, 20 Mo. 358; *Ladd v. Couzins*, 35 Mo. 513; *Stewart v. Stringer*, 41 Mo. 400; *Oberkoetter v. Luebbering*, 4 Mo. App. 481; Powell App. Proc., p. 371, § 19; *Bryan v. Berry*, 8 Cal. 130; *Pearson v. McCahill*, 23 Cal. 249; *McGlaughlin v. O'Rourke*, 12 Iowa 459; *Levi v. Karrick*, 15 Iowa 444; *Helm v. Boone*, 6 J. J. Marsh 351; *State v. Judge, etc.*, 11 La. An. 728; *Suggs v. Suggs*, 1 Overt. (Tenn.) 2; *Staggs v. State*, 3 Humph. 372; *Turber v. Carter*, 2 Sneed 1; *Freeman v. Henderson*, 5 Cold. 647; *Davis v. The Seneca*, 1 Gilp. 34; *Stone v. Spillman*, 16 Texas 432; *Whaley v. Charleston*, 8 S. C. 344; *Goddard v. Ordway*, 94 U. S. 672; *Bledsoe v.*

*Nixon*, 69 N. C. 81; *s. c.*, 12 Am. Rep. 642; *Long v. Hitch-cock*, 3 Ohio 274; *Bassett v. Daniels*, 10 Ohio St. 617; *De Kalb Co. v. Hixon*, 44 Mo. 341; *Exchange Bank v. Allen*, 68 Mo. 474.

SHERWOOD, C. J.—I.  The statute expressly gives a defendant in criminal, as well as in civil cases, the entire term wherein to file his bill of exceptions, so that it makes no difference if the affidavit for the appeal is filed previously or subsequently to the filing of the bill of exceptions.

II.  If there was any irregularity in the affidavit for taking the cause from the regular judge, by reason of such affidavit lacking the oath of two or more reputable persons, this did not oust the jurisdiction of the special judge. Any objections on the score of irregularity should have been taken at the time, and cannot be listened to here. *State v. Knight*, 61 Mo. 373.

III.  The indictment, which was for embezzling three horses, was framed under the first clause of section 35, page 458, 1 Wagner's Statutes.  The agency of the defendant is distinctly set forth.  The indictment is sufficient. *State v. Meyers*, 68 Mo. 266.

IV.  As the indictment charged the embezzlement of the horses, any evidence respecting the embezzlement of the proceeds of the horses, was clearly inadmissible, and any instructions based upon such evidence, erroneous.  Judgment reversed and cause remanded.  All concur.