THE STATE v. CROSSWHITE, *Appellant.*

Division Two, November 19, 1895.

1. **Criminal Practice**: EVIDENCE: WAIVER. Where no objection is made to the introduction of evidence, error in its admission is waived.

2. **Embezzlement**: SEPARATE OFFENSES: EVIDENCE. Embezzlement of personal property and of the proceeds arising from its sale constitute distinct offenses and evidence in proof of one is not admissible to show the other.

3. ————: GOODS CONSIGNED ON COMMISSION. It is no defense to an indictment for the embezzlement of goods consigned on commission that the defendant paid over the money arising from their sale to his partner.

4. ————: ————: STATUTE. A commission merchant is criminally liable under Revised Statutes, 1889, section 3551, for the embezzlement of a consignment of goods.

5. ————: ————: ————: INDICTMENT. An indictment under the foregoing statute need not allege by whom the goods were delivered to defendant.

6. ————: ————: INSTRUCTION. It was error to instruct that if defendant sold the goods with the intent to appropriate the proceeds thereof he was guilty, where the indictment was for the embezzlement of the property and not the proceeds.

*Appeal from Jackson · Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED AND REMANDED.

*J. B. Hamner* for appellant.

(1) ·The court let in evidence on all the first five counts in the indictment, and defendant, while being tried on all six counts, could not legally object to any evidence relevant and proper on any one of them. After it was all in, and the court could not exclude it without leaving its prejudicial influence, the court then withdrew the first five counts, and let all the evidence stand, that which tended to prove defendant guilty of embezzling the proceeds of the potatoes as well as the potatoes themselves. This was fatal error. *State v. Dodson*, 72 Mo. 283; *State v. Daubert*, 42 Mo. 242; *State v. Mix*, 15 Mo. 153; *State v. Wolf*, 15 Mo. 168; *State v. Marshall*, 36 .Mo. 400; *State v. Rothschild*, 68 Mo. 53. (2) The court erred in not letting defendant

show that he turned over the money to his partner, and that his partner absconded with it, for this was of the very essence of the offense, and it went to show the intent and to disprove the charge. The court held, in so many words, that one partner is liable for the crimes of the other within the scope of the partnership. Defendant offers no authorities on this point. (3) The court after excluding the first five counts of its own motion, then refused to sustain the demurrer to the evidence and erred therein. *First*. Because the indictment then was for embezzling the potatoes, when the state had proved they were sent to defendant to sell on commission, and had further proved that defendant had sold them and got the money for them, and thereby proved defendant innocent of the charge in the sixth count. *State v. Dodson*, 72 Mo. 283; *Regina v. Wells*, 1 F. & F. 109; *Regina v. Aden*, 12 Cox C. C. 512; *State v. Webb*, 8 Tex. App. 310; *State v. Bridgers*, 8 Tex. App. 145. *Second*. Because the sixth count was drawn under section 3551, which is only applicable to common carriers, and the undisputed facts showed that these goods were sent to defendant to sell as a commission merchant, and not as carrier or bailee. *State v. Grisham*, 90 Mo. 163. *Third*. Because the indictment (sixth count) does not allege by whom these potatoes were delivered to defendant. *State v. Grisham*, 90 Mo. 165. *Fourth*. Because a commission merchant is not included within the meaning of bailee under the statute (sec. 3551) relating to crimes by a bailee. Schouler on Bailments [1 Ed.], pp. 2, 3; Wharton's Criminal Law [9 Ed.], p. 851, sec. 1055; *Regina v. Clegg*, 11 Cox C. C. 212; *Regina v. Aden*, 12 Cox C. C. 512; *Regina v. Hunt*, 8 Cox C. C. 495; *Regina v. Hoare*, 1 F. & F. 647; *State v. Grisham*, 90 Mo. 163.

*R. F. Walker*, attorney general, *Morton Jourdan*, assistant attorney general, and *W. T. Jamison*, prosecuting attorney, for the state.

(1) The defendant was properly convicted under the sixth count of the indictment.    (2) The court did not err in refusing to allow the defendant to testify that he turned over the proceeds of the potatoes to his partner. *State v. Baxter*, 82 N. C. 602; *State v. Beverly*, 88 N. C. 632.    (3) The defendant was properly convicted of embezzling the potatoes, although he was authorized to sell and did sell the potatoes and received their proceeds.  See *Benny v. Rhodes*, 18 Mo. 147.    (4) Defendant was rightly convicted on the sixth count of the indictment under Revised Statutes, 1889, section 3551.  Crosswhite was Biethan's bailee of the potatoes for sale.  A consignee for sale is a bailee. *Bourg v. Lopez*, 36 La. Ann. 439; *Furlow v. Gilliam*, 19 Tex. 250; *Middleton v. Stone*, 111 Pa. St. 589; Edwards on Bailments, pp. 33, 34, 117; 6 Am. and Eng. Encyclopedia of Law, p. 480, and notes; *McLean v. Rutherford*, 8 Mo. 109; *Wier Plow Co. v. Porter*, 82 Mo. 23.    (5) It is next objected that said sixth count of the indictment is insufficient, because it does not allege by whom the potatoes were delivered to Crosswhite.  We submit that said sixth count sufficiently charges the crime of embezzlement as bailee under section 3551.  6 Am. and Eng. Encyclopedia of Law, p. 498 *b*, and 498 *c*, and notes; *State v. Adams*, 108 Mo. 208; *State v. Hays*, 78 Mo. 600.    (6) It was not necessary for said count to state who delivered the potatoes to Crosswhite.  *State v. Flint*, 62 Mo. 393.

BURGESS, J.—At the April term, 1895, of the criminal court of Jackson county, Missouri, defendant was convicted of the crime of embezzlement and his

punishment fixed at two years' imprisonment in the penitentiary. From the judgment and sentence he appealed.

There were six counts in the indictment, but after the evidence was all in the court withdrew the first five, and the conviction was under the sixth count, which, leaving off the formal parts, is as follows:

"And the grand jurors aforesaid, on their oath aforesaid, do further present, that on the seventeenth day of December, A. D. 1894, at said Jackson county, state aforesaid, the said Robert H. Crosswhite was a commission merchant and agent, and as such a member of the firm of Crosswhite and Company, composed of him the said Robert H. Crosswhite and one J. O. R. Campbell, and he, the said Robert H. Crosswhite, as such commission merchant and agent, and as such member of said firm, then and there became the consignee and bailee of one David H. Biethan, in possession of seven car loads of potatoes of the value of five hundred and twenty-five dollars, and the property of said David H. Biethan, and which potatoes then and there came into the possession and care of said Robert H. Crosswhite as such commission merchant, and as the said consignee and bailee of said David H. Biethan, and he, the said Robert H. Crosswhite then and there, the said seven car loads of potatoes unlawfully and feloniously did embezzle and convert to his own use, and so the jurors aforesaid, on their oath aforesaid, do say that the said Robert H. Crosswhite, the said seven car loads of potatoes in manner and form aforesaid, feloniously did steal, take, and carry away contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

The salient facts, as disclosed by the record, are briefly as follows: During the latter part of the year 1894, defendant and J. O. R. Campbell were copart-

ners engaged in the commission business in Kansas City, Missouri, under the firm name of Crosswhite & Co. In the months of October and November of that year, David A. Biethan shipped to said firm from Blackfoot, Idaho, seven car loads of potatoes to be sold by them for him on commission. The potatoes were sold by the firm who received the purchase money therefor, but no part of it was ever turned over to Biethan. Defendant received between $400 and $500 of it, and Campbell the balance. Campbell fled the country, and had not, up to the trial of defendant, been arrested.

Defendant's first contention is that the court committed error in admitting, by the state, on the first five counts in the indictment, in one of which, the fifth, he was charged with embezzling the *money* arising from the sale of the potatoes, evidence tending to show that he was guilty of that offense, then afterward withdrawing said counts, and in not excluding such evidence from the consideration of the jury.

No objection seems to have been made to the introduction of this evidence, and if defendant was of the opinion that it was inadmissible under the sixth count, he should have made timely objections thereto, stating the specific grounds of his objection, and as this was not done all objection thereto must be deemed to have been waived.

Had objection been properly made, such evidence would have been clearly inadmissible under the sixth count. *State v. Dodson*, 72 Mo. 283. The embezzlement of the potatoes and the proceeds arising from them were two separate and distinct offenses, and evidence in proof of one was not permissible for the purpose of proving the other.

*State v. Adams*, 108 Mo. 208, does not announce, as supposed, a different rule. In that case defendant

was indicted for embezzling a piano, and the state read without objection some letters and statements between the owner of the piano and defendant, and then read, over the objection of defendant, letters written to him by said owner in regard to his failure to remit collections made by him on sales of pianos. The court said: "There can be no doubt that the statement and letters made and written by the prosecuting witness would not have been admissible as original evidence to prove a conversion of the piano. As independent evidence they were mere hearsay, and inadmissible.    *    *    *    The sale of the piano and appropriation of the proceeds were not denied, and the letters were not prejudicial." For these considerations this point must be ruled adversely to defendant.

Defendant offered evidence tending to show that he had turned the proceeds arising from the sale of the potatoes over to his partner, which, upon objection by the state, was excluded, and in this it is insisted that error was committed.

This contention is untenable. He was not in the employ of Campbell and was under no obligations, legal or otherwise, to turn the proceeds over to him, but it was his duty to turn over to Biethan whatever money he received belonging to him, and he should not be permitted to escape the consequences of a criminal prosecution by showing that he turned the money over to another person who was no more entitled to retain it than he was. His first duty was to comply with his obligations to his bailor.

Another contention is that the defendant was improperly convicted as bailee because under the decision of this court in *State v. Grisham*, 90 Mo. 163, it was held that the section of the statute as it then was (sec. 1322, R. S. 1879; sec. 3551, R. S. 1889), under which the indictment in the case at bar was drawn, was not

designed to apply to a case of this kind, and only applied to those who occupied the relation of common carrier or some *similar contractual* relation.

It is worthy of observation that, in that case, no contractual relation existed between the parties, while in the case in hand, there was an express contract by which the firm of Crosswhite & Co. were to sell the potatoes for Biethan at five per cent commission.

The statute as it then stood, read: "If any carrier, or other bailee shall embezzle," etc. In the revision of 1889 the words "or other person" were added after the words "*if any carrier or bailee,*" so that it now reads, "If any carrier, bailee or *other person shall* embezzle," etc. The amendment of the statute was evidently for the purpose of meeting the ruling in the *Grisham* case, so as to make it apply to all cases of bailment.

The indictment in *State v. Adams, supra,* was drawn under section 3549, Revised Statutes, 1889, and what was said in that case with respect to the indictment under consideration does not militate against what has been said in this.

That defendant was bailee of the potatoes there can be no question (*Middleton v. Stone,* 111 Pa. St. 589; *Furlow v. Gillian,* 19 Tex. 250; *Bourg v. Lopez,* 36 La. Ann. 439), and it is equally clear that he comes within that class of bailees embraced in section 3551, *supra.*

The indictment contains all necessary allegations, and the objection taken to it on the ground that it does not allege by whom the potatoes were delivered to defendant is without merit. It does allege that the potatoes were the property of Biethan, and that they came into the possession and care of defendant as commission merchant, and as the consignee and bailee of said Biethan. It is in the language of the statute, and unquestionably good.

The sixth instruction given in behalf of the state is criticised in that it told the jury that if defendant sold the potatoes *with the intent to appropriate the proceeds derived therefrom* to his own use, they would find him guilty. The charge in the indictment is for selling the potatoes with intent to convert them to his own use, and not the proceeds arising from their sale. As has been said they are two separate and distinct offenses, and, while evidence tending to show the embezzlement of the proceeds of the sales of the potatoes by defendant went to. the jury without objection, that did not authorize an instruction predicated upon such evidence, when the indictment under which he was being tried contained no such averment. *State v. Dodson*, 72 Mo. 283, *supra*. Because of this erroneous instruction the judgment is reversed and the cause remanded. All of this division concur.