## THE STATE v. W. J. BURGESS, Appellant.

### Division Two, July 5, 1916.

1. **INFORMATION: Embezzlement: Making Way With: Specific Intent.** Under the second subdivision of Sec. 4552, R. S. 1909, it is necessary to allege that the prohibited act, namely, the making away with and secreting money placed in defendant's hands as bailee, was done with the specific intent to embezzle and convert to his own use; but to charge such intent, it is not necessary to use the words "felonious" or "fraudulent," but apt words of equivalent meaning will suffice.

2. ——: ——: ——: **With Intent to Embezzle.** An information charging that defendant, being a bailee of $450 to be deposited to the credit of prosecutrix, "the said money, did then and there feloniously and fraudulently make away with

State v. Burgess.

and secrete with intent to embezzle and convert same to his own use," sufficiently charges the specific intent to fraudulently and feloniously embezzle and convert, since the word "embezzle" is a technical word and means a fraudulent appropriation to his own use or benefit of property or money entrusted to him by another. [Distinguishing State v. Pate, 268 Mo. 431, where the word "convert" standing alone is shown not to imply a criminal intent; and overruling State v. Schilb, 159 Mo. 130, and State v. Obuchon, 159 Mo. 256.]

3.  EMBEZZLEMENT:   Distinct Offenses:   Conviction of Crime not Charged.   Where, the d `endant was charged with the making away with and secreting certain money entrusted to him for investment, with intent to embezzle, and was tried for actual embezzlement, and by the jury was ·found guilty of , larceny, and there was no submission of the offense charged, the verdict cannot stand.   The offense charged and that submitted are entirely distinct.   Under the statute, the act of embezzling and converting is one thing, and the act of making away with and secreting, with intent to embezzle, is another thing;  and if the information charges the latter act, defendant cannot be convicted of the former.

4.  ———:  Instruction:  Guilty of Larceny.   Where a defendant is charged, under Sec. 4552, R. S. 1909, with having made away with and secreted, with intent to embezzle and convert to his own use, certain money, for which crime the statute says "he shall, upon conviction, be adjudged guilty of larceny," the instruction should not authorize the jury to find him guilty of larceny, but, when the facts warrant, should direct them to find him guilty of the offense charged in the information, and then, upon a verdict of guilty, the court should adjudge him guilty of larceny.

5.  ———:  Former Jeopardy.   Evidence disclosing that defendant was found guilty of making away with and secreting, with intent to embezzle, $300 entrusted to him for investment in March, will not authorize a discharge upon a plea of former jeopardy when put upon trial for making away with and secreting with the intent to embezzle $450 entrusted to him by the same person for the same purpose in the previous December.

Appeal from Pemiscot Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*Ward & Collins* for appellant.

(1) The information in this case is fatally defective. The second subdivision of the statute does not denounce embezzlement, but the offense of making way with and secreting the property with intent to embezzle. State v. Lentz, 184 Mo. 237; State v. Larew, 191 Mo. 199. The gravamen of the offense herein is the intent to embezzle or convert to his own use, yet this information does not charge that this act of making way with and secreting the money was "with the felonious and fraudulent intent to embezzle and convert." It does say that making way with and secreting was fraudulent and felonious, but does not say with what intent it was done. Before the jury can find the specific intent as a fact there must be a charge in the information upon which to base it. State v. Lentz, 184 Mo. 287; State v. Gibson, 11 Mo. 99; State v. Cunningham, 154 Mo. 180; State v. Larew, 191 Mo. 199. (2) The information charges under the second subdivision of the statute, which is that Burgess made way with and secreted, with intent to embezzle and convert to his own use, while the instruction instructs under the first division of the statute, to-wit, that he did embezzle and convert to his own use. Sec. 4552, R. S. 1909; State v. Lentz, 184 Mo. 223; State v. Larew, 191 Mo. 192. "The defendant must be convicted on the charge in the information." State v. Crosswhite, 130 Mo. 358; State v. Casey, 207 Mo. 101; State v. Fink, 186 Mo. 50. (3) The verdict is not responsive to the instructions and was a verdict contrary to the instructions of the court, to-wit: (a) The information charged him with secreting the money as bailee with intent to embezzle. (b) Instructions authorized conviction, not for making way with and secreting with intent to embezzle, but embezzlement itself. (c) The verdict finds him guilty

State v. Burgess.

of larceny. State v. Burks, 159 Mo. 568; State v. Jones, 114 Mo. App. 343.

*John T. Barker,* Attorney-General, and *Kenneth C. Sears* for the State.

(1) The information should be held to be sufficient. Kelley, Criminal Law & Practice (3 Ed.), sec. 677; People v. Garcia, 25 Cal. 531. With a statutory crime, ordinarily it is sufficient for the information to contain the statutory elements. State v. Adams, 108 Mo. 211; State v. Moreaux, 254 Mo. 405. (2) The verdict was unfortunate in its form. State v. Broderick, 7 Mo. App. 21. But if the phrase "of larceny" be rejected as surplusage and a meaningless contradiction, a perfect verdict is left. State v. McGee, 55 S. C. 252; Johnson v. State, 63 So. (Miss.) 339; People v. Baer, 262 Ill. 155; McDaniel v. State, 64 So. (Ala.) 641.

REVELLE, J.—On the 8th day of June, 1915, the prosecuting attorney of Pemiscot County, Missouri, filed in the circuit court of that county a duly verified information charging that the defendant fraudulently and feloniously made away with and secreted certain property of one S. G. Hayden, with intent to embezzle and convert same to his own use. Upon trial he was found "guilty of larceny as charged in the information," and his punishment assessed at imprisonment in the penitentiary for a term of three years.

On the part of the State the evidence tends to prove that in December, 1912, and in accordance with defendant's request that she permit him to handle her money for her, the prosecutrix, Mrs. Susan Hayden, delivered to defendant the sum of $450, to be by him deposited by her in an alleged institution which he represented existed, and which he stated would

pay her interest at the rate of ten per cent per
annum; that defendant had been the prosecutrix's
physician for about six years, and that he repre-
sented that he would send the money to St. Louis to
be invested in the concern in which he had invested
his money, and that same could be withdrawn at the
pleasure of the prosecutrix. The name of the alleged
institution was not given, the defendant representing,
however, that it was "a State affair" and perfectly
safe, but of such a private nature that it was not
allowed to give out much information. Some time
after delivery of the money to defendant he told pros-
ecutrix that a receipt therefor had been received by
him. Later, it appeared that the alleged receipt pur-
ported to be a certificate of deposit, dated at St. Louis,
Missouri, December 28th, and certifying that Susan
Hayden had deposited with the Trimutual Associa-
tion of St. Louis, Missouri, $450, same appearing to
be signed by F. A. Wright and James D. Givens, Pres-
ident; and on the back of which was the following
endorsement: "This certificate is guaranteed for full
face value by me or my estate.    W. J. Burgess,
M. D." Until June 15th the defendant himself paid
to Mrs. Hayden the interest on this sum, she denying
that the Trimutual Association had ever sent her a
check or made payment to her for interest. Demand
was made for the principal sum upon defendant, but
he refused to comply. J. S. Gossum, as attorney for
Mrs. Hayden, made a trip to St. Louis in an effort
to secure information concerning the Trimutual As-
sociation or Givens and Wright, whose signatures pur-
ported to be on the alleged certificate of deposit. He,
with the aid of an assistant circuit attorney of St.
Louis, examined the city directory and inquired at
the Mercantile Trust Company, and the Dunn and
Bradstreet reporting agencies, but no information of
the association or of Givens or Wright could be ob-

tained. The defendant also refused to give to Mr.
Gossum any information relating to these matters.

The State offered some evidence for the purpose
of showing that the purported certificate of deposit
which was delivered to Mrs. Hayden was prepared
at the defendant's instance and in his office.

The evidence also discloses that at a different
time the defendant secured two other sums of money
from the prosecutrix, one amounting to $300, deliv-
ered to him in March, 1913, and for this transaction
the defendant was also prosecuted and tried at an-
other time and found guilty. It was upon this show-
ing, that defendant based his claim to a discharge
because of former jeopardy.

The defendant offered a number of witnesses
who testified to his good reputation.


I. It is strenuously insisted that the information
in this case is insufficient, in that it does not specif-
ically charge that the secreting and mak-
**Information.** ing way with the property was done
with a *felonious* or otherwise *fraudulent* intent. The
information, omitting formal parts, is as follows:

"One W. J. Burgess, became and was the bailee
of four hundred and fifty dollars, good and lawful
money of the United States, the personal property
of Mrs. S. G. Hayden, then and there being and of
the value of four hundred and fifty dollars, which
said money was delivered to the said W. J. Burgess
as bailee for depositing to the credit of the said S.
G. Hayden, and being so the bailee thereof, the said
W. J. Burgess, the said money, did then and there
fraudulently and feloniously make way with and se-
crete with intent to embezzle and convert same to his
own use; and so the said W. J. Burgess the said four
hundred and fifty dollars, in manner and form afore-
said feloniously did steal, take and carry away.
. . . "

It will be observed that the act of making way with and secreting is charged to have been fraudulently and feloniously done, but no where is it alleged that in so doing the defendant acted with a fraudulent or felonious intent to embezzle and convert, or with the intent to fraudulently and feloniously embezzle and convert. The information is bottomed on the second subdivision of section 4552, Revised Statutes 1909, which section is as follows:

"If any carrier, bailee or other person shall embezzle or convert to his own use, or make way with or secrete, with intent to embezzle or to convert to his own use, any money, goods, rights in action, property or valuable security or other effects which shall have been delivered to him, or shall have come into his possession or under his care as such bailee, although he shall not break any trunk, package, box or other thing in which he received them, he shall, on conviction, be adjudged guilty of larceny and punished in the manner prescribed by law for stealing property of the nature or value of the articles so embezzled, taken or secreted."

As heretofore held by this court (State v. Lentz, 184 Mo. 223; State v. Larew, 191 Mo. 192) this statute creates two distinct classes of offenses: (1) The offense of actual embezzlement or conversion; and (2) the offense of making away with and secreting property with the intent to embezzle or convert. Under the first subdivision it is unnecessary, in order to charge an offense, to allege more than the actual embezzlement and conversion of the property, no specific intent being coupled with the forbidden act. Under the second subdivision it is necessary, however, to allege that the prohibited act, that is, the making way with and secreting, was done with the *specific* intent expressed in the statute. [Cases supra.] There can be no doubt that, in order to sufficiently charge an offense under the second subdivision, the

'ntent to embezzle and convert must be alleged, and, to charge such an intent, it is, necessary .to use such words as will show a felonious or other fraudulent intent to deprive .the owner of his property and to appropriate the same to the use of the defendant. For this purpose, however, it is immaterial whether the words "felonious" or "fraudulent" are used, provided apt synonyms ' and words of equivalent meaning are employed. ·[State v. Rader, 262 Mo. l. c. 134, and cases cited.]

The question then becomes, whether the phrase "with intent to embezzle and convert" sufficiently charge such a criminal intent. As heretofore pointed out in State v. Pate, *post,* p. 431, the term "convert," when used alone, does not necessarily imply such a criminal intent, and, its use without other qualifying words is ,insufficient to charge the fraudulent intent essential to the charge of embezzlement or fraudulent conversion. In 'that case it was pointed out that the term "convert" is not synonymous with "embezzle," and that in order to make, it so such qualifying terms as "felonious" or "fraudulent," or others of similar import, must be used.

With the term "embezzle," however, we are of a different opinion. Section 8057, Revised Statutes 1909, directs us to give to °words and phrases their plain or· ordinary and usual sense, and with technical phrases having a peculiar and appropriate meaning in law to give meaning according to their technical import. The term "embezzle" is a technical word, having a legal signification, and is defined as follows: "The *fraudulent* appropriation to his own ∘use or benefit of property or money entrusted to him by another." [Black's Law Dict., p. 418, and cases cited.] "Embezzlement is a fraudulent appropriation of another's property by a person to whom it has been entrusted or into whose hands it has lawfully come.

It differs from larceny in that the original taking of the property was lawful or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking." [15 Cyc. 488, and cases cited.] "Embezzlement is an intentional and fraudulent appropriation of the goods of another by a person intrusted with the property of the same." [2 Wharton's Crim. Law (11 Ed.), p. 1467, and cases cited.] See also numerous cases cited in Vol. 3, pp. 2350 to 2358; and Vol. 2 (2nd Series), pp. 244 to 253, Words and Phrases, wherein the term is uniformly defined as importing an appropriation or conversion with a fraudulent and criminal intent. The subject is not a new one to this court, because in the case of Hanna v. Ins. Co., 241 Mo. l. c. 401, this court said: " 'Embezzlement is the fraudulent and felonious appropriation of another's property by a person to whom it has been entrusted or into whose hands it has lawfully come.' [State v. Casey, 207 Mo. l. c. 11.]"

At common law the crime of embezzlement did not exist, it being regarded merely as a breach of trust or duty. The same is wholly statutory, and a sort of a statutory larceny committed by persons who have lawfully secured possession of the property, and who afterwards criminally appropriate the same to their own use.

The act not being a crime at common law, and having no criminal signification thereunder, we are not hampered in giving it its proper technical meaning as we are with terms and offenses of common law meaning, as, for instance, the case of larceny, with which this court was dealing in State v. Rader, 262 Mo. 117. This distinction has heretofore been pointed out by this court in State v. Baker, 264 Mo. 339, wherein the court said (l. c. 354):

"While instruction one mentioned above does not contain the words 'feloniously,' nor does it by any circumlocution define this term, yet neither does the

statute which makes the stealing of domestic fowls a felony, use the word 'feloniously.' This case therefore is clearly distinguishable from the case of State v. Rader, 262 Mo. 117, wherein out of deference to the definition of the ordinary crime of grand larceny as the Legislature had ordained it, the writer said that an instruction under the provisions of section 4535 ought either to contain the word 'feloniously' or define it with reference to the intent of the taking.''

To the instant subject we can appropriately apply the words of WALKER, J., in his separate opinion in State v. Rader, supra: ''The use of the omitted words of which complaint is made, is not only redundant, but tautological.'' They would add nothing whatever to the clearness or force of the charge, but, to the contrary would seem, when analyzed, rather to confuse. It would be the equivalent of charging that the defendant converted with a *feloniously felonious*, or *fraudulently fraudulent*, intent. We are not disposed to give countenance to such a doctrine, and, in our opinion, the allegation that he did the prohibited act with the intent to *embezzle* was a sufficient charge of a felonious or otherwise fraudulent intent.

We are not unmindful that this court in State v. Schilb, 159 Mo. 130, reversed a judgment because the court failed in its instruction to specifically require the jury to find that the conversion was accompanied by a felonious or fraudulent intent, and notwithstanding that the instruction used the words ''embezzle'' and ''convert.'' In that case, however, the phrase which is decisive with us was not considered or discussed, the court merely holding, upon the strength of the case of State v. Cunningham, 154 Mo. 161, that such an intent must be found by the jury before a conviction could be had.

In the case of State v. Cunningham, supra, the instruction did not use the term ''embezzle,'' but

merely' the word "convert," and in our opinion it was correctly decided.

In State v. Obuchon, 159 Mo. 256, the court like-wise criticised an instruction which omitted specific reference to a felonious or fraudulent intent. Our views are that in this case the instruction used terms which clearly required a finding of fraudulent intent, and that the same did not merit the criticism directed against it. To the extent that these two cases are in conflict with our present holding they should be and are overruled.

II. The judgment in this case, however, must be reversed and the cause remanded for other reasons.

Conviction of Crime not Charged. The record presents a most peculiar and remarkable condition. Defendant was charged with the doing of certain acts with intent to embezzle, and was tried for actual embezzlement, and by the jury found guilty of larceny, there being no submission of the offense charged, and no finding thereon by the jury.

For reasons which we cannot understand, the court did not instruct upon the offense charged, but instructed on another, towit, actual conversion and embezzlement, and told the jury that if they found that the defendant had actually embezzled and con-verted the property they should find him guilty of lar-ceny. The offense charged in the information, and the one submitted to the jury, are entirely separate and distinct, as heretofore pointed out. The informa-tion does not charge that he embezzled and converted the property, but merely that he did other things with the intent to so embezzle and convert. The Bill of Rights entitles a person to be informed of the na-ture and cause of the accusation against him, and he cannot be brought into court to answer one charge,

and be convicted upon an entirely different one. By this section the Legislature has declared that the act of embezzling and converting is one thing, and the act of making away with and secreting with intent to embezzle and convert is another thing. The information did not warrant the submission of the offense defined by the instruction. [State v. Crosswhite, 130 Mo. l. c. 363; State v. Lentz, 184 Mo. 223; State v. Casey, 207 Mo. 1; State v. Miller, 255 Mo. 223.]

III. In pursuance of the instruction so given the jury returned a verdict finding the defendant "guilty of larceny as charged in the information." The statute upon which the information is predicated provides, in this connection, that "he shall, *on conviction,* be *adjudged* guilty of larceny, and punished in the manner prescribed by law for stealing property of the nature or value of the articles so embezzled, taken or secreted." It is our opinion that by this provision the Legislature did not intend to wipe out the distinction between larceny and the acts prohibited by this section.

Verdict of Larceny.

We find that by section 4901, Revised Statutes 1909, it is expressly provided that if upon the trial of a person indicted for embezzlement, it is proved that he is guilty of larceny, he shall be found not guilty of embezzlement but guilty of larceny, and be punished as if he had been convicted upon an indictment for larceny; and if upon the trial of a person indicted for larceny it is proved that he is guilty of embezzlement, he shall be found not guilty of larceny but guilty of embezzlement; and punished as if convicted upon an indictment for embezzlement.

While it is true that section 4552, Revised Statutes 1909, provides that he shall be adjudged guilty of larceny, it further provides that he can be so

adjudged only *upon conviction.* It does not prescribe that the jury shall find him guilty of larceny, but that after they have found him guilty of the act prohibited, he shall be *adjudged* guilty of larceny and punished accordingly.

In the case of State v. Broderick, 7 Mo. App. 19, the defendant was indicted for grand larceny, and on trial he was found not guilty of that offense, but guilty of embezzlement. It was there insisted that because the statute provided that in case of conviction of embezzlement the defendant should be adjudged guilty of larceny and the jury had expressly found him not guilty of larceny, the verdict could not stand. The court however disposed of that contention in the following manner (l. c. 21):

"It is further contended that the instruction was wrong in telling the jury they might convict the defendant of embezzlement. The statute does not say that upon such facts the jury shall find the defendant guilty of larceny, as is now claimed. On the contrary, the defendant is, *on conviction, to be adjudged* guilty of larceny, and to be punished in the same manner as if he had stolen the articles which he has not stolen, but has embezzled. The instruction was correct and the verdict properly followed the evidence and the facts, as the statute clearly means it should and as a verdict ought. The judgment or sentence following is prescribed by the statute. Here the jury, in effect, acquitted the appellant of grand larceny and found him guilty of the other charge, embezzlement."

We are of the opinion that in cases under this section the jury should not find the defendant guilty of larceny, but should find him guilty, when the facts warrant, of the offense created by the statute, and then, upon such verdict of guilty, the court should adjudge him guilty of larceny.

IV. It is also urged that defendant should be discharged because the facts which were testified to on behalf of the State in this case were likewise offered in evidence in the trial of another charge against defendant.

We have carefully examined both the record and the plea; and, without lengthening the opinion with a statement of the disclosures, it is our opinion that the defendant has not been in former jeopardy on this charge, and that upon the showing made he was not entitled to his discharge on that ground. The plea is also insufficient in both form and substance. [State v. Collins, 180 S. W. 866; Washington v. State, 32 S. W. 694; Crocker v. State, 47 Ga. 568; Kelley's Crim. Law & Prac. (3 Ed.), sec. 235; Bishop's Directions and Forms (2 Ed.), sec. 1043.] The State's evidence, if believed, is amply sufficient to support a verdict of guilty, but because of errors heretofore mentioned the judgment is reversed and the cause remanded. *Walker, J.,* concurs; *Faris, P. J.,* not sitting.