# THE STATE v. BEVERLY C. STEVENS, Appellant.

## Division Two, March 26, 1920.

1. **INDICTMENT**: Embezzlement:—Conversion by Bailee. Under Section 4552, Revised Statutes 1909, which makes it an offense to convert money or property as a bailee with intent to embezzle it, an indictment charging that at a time mentioned defendant was the bailee of a certain note, describing it, which was owned by a certain other person; that while said note was so held by defendant, he, without the consent of the owner, converted it to his own use; that his intent in so doing was to deprive the owner of the same, and that in the manner aforesaid he did feloniously steal, take and carry away said note, etc., charges every essential element of the crime.

2. ———: ———: **Ownership.** In an indictment charging that defendant unlawfully as bailee converted a note for $1500 to his own use, it was alleged that the note, executed by Henry Woods, was "payable to the order of" defendant and was "the right of action, valuable security and property of C. C. Sanders," and was "delivered to and came into possession and under the care of" defendant "as bailee aforesaid, of, for and on behalf of C. C. Sanders." *Held,* that the indictment is not bad because it does not allege that the note was indorsed by defendant to Sanders, but the ownership is sufficiently alleged to be in Sanders, and by the words used is more specific in that respect than it would be had it contained an allegation that the note had been indorsed by defendant to Sanders.

3. ———: ———: **Description of Note: Secured by Deed of Trust: Interest.** In an indictment for embezzlement as bailee of a note payable when made to defendant, it is not necessary that it allege that the note was secured by a deed of trust, that it bore interest at the rate of eight per cent after maturity, or that it was payable at the office of defendant. Those things constitute matters of description not necessary to be pleaded under the

statute, which makes the indictment sufficient if the instrument embezzled is described by any name or designation by which it may be usually known.

4. **OBJECTIONS**: General. Objections to testimony must be specific, and upon an adverse ruling thereon exceptions must be saved; otherwise, they may be disregarded on appeal.

5. **EMBEZZLEMENT**: Variance: Accounting: Intent: Where the crime charged embezzlement of a note by defendant as bailee, proof that, while the note was in defendant's possession only for the purpose of effecting its sale for the benefit of the owner, defendant pledged it to a bank as collateral to secure the payment of his own debt, is competent to prove the intent with which the conversion was committed, and being competent for that purpose it cannot be ruled to have been offered to establish an accounting, and consequently there was no variance.

6. **INSTRUCTIONS**: No Specific Assignment. A motion for a new trial in a criminal case should contain some definite reference to instructions complained of. Assignments that "the court erred in giving instructions upon the request of the State," that "the court erred in the instructions given of its own motion" and that "the court erred in failing to instruct on all the law of the case," are too indefinite to authorize a review of the instructions on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave*, Judge.

AFFIRMED.

*Fauntleroy, Cullen & Hay* for appellant.

(1) The court erred in permitting the State to show that defendant failed to account for any proceeds of the fifteen-hundred-dollar note, which he was charged with embezzling. State v. Dodson, 72 Mo. 283; State v. Crosswhite, 130 Mo. 363; State v. Mispagel, 207 Mo. 573; 9 R. C. L. 1295. (2) The indictment in this case charges that the note embezzled was made payable to the order of B. C. Stevens, who is the defendant in the case. This is a specific allegation and tantamount to an averment that the defendant was the owner and holder of the note. First Nat. Bank v. Stallo, 145 N. Y. Supp. 747; Sec. 10001, R. S. 1909; State v. Farrington,

State v. Stevens.

28 L. R. A. 398. (3) The note introduced in evidence was entirely variant from the note described in the indictment: (a) It was payable at the office of B. C. Stevens, Clayton, Missouri; (b) It bore interest after maturity at the rate of eight per cent per annum; (c) It recited that it was secured by deed of trust of even date herewith; (d) On the back it was indorsed B. C. Stevens. By the endorsement of said note, B. C. Stevens became a party to it and bound as one of the original makers, and this feature, alone, establishes clearly the variance between the note pleaded and the one proved. Not only was objection made to the note on account of this variance, but objection was made to the introduction of the deed of trust which was not mentioned in the indictment, and defendant was placed upon trial, charged with embezzling a note signed by Henry Woods, and as evidence of his guilt the State introduced a deed of trust, which was not mentioned in the indictment, and a note endorsed by B. C. Stevens, which was not mentioned in the indictment, and a note bearing interest, when no mention of interest was made in the indictment. Under the authorities, there was a fatal variance between the allegations in the indictment and the proof. State v. Owens, 73 Mo. 442; State v. McNerney, 118 Mo. App. 66; Grant v. State, 17 So. 225; Falkner v. Falkner, 73 Mo. 335.

*Frank W. McAllister*, Attorney General, and *Clarence P. LeMire*, Assistant Attorney General, for respondent.

(1) The second count is in a form substantially approved by this court. State v. Betz, 207 Mo. 589; State v. Crosswhite, 130 Mo. 358; Kelly's Crim. Law & Prac. (3 Ed.), sec. 677; State v. Castleton, 255 Mo. 201. (2) The State was permitted to show over the objection and exception of counsel for the appellant that the name of Beverly C. Stevens was indorsed on the back of the note in question. This was competent. It tended

41—281 Mo.

to support the allegation in the indictment to the effect that said note was the property of C. C. Sanders. Counsel for defendant also objected to the introduction in evidence of the deed of trust securing said note. Said deed of trust was competent to identify the note. It was a part of the original transaction and had been transferred along with the note in all subsequent transactions. State v. Burks, 159 Mo. 568. (3) The motion for new trial contains a general allegation of error in the giving and refusing of instructions. This court has often held that instructions cannot be saved for review in that manner; therefore we shall not encumber this brief with a review of said instructions. State v. Headrick, 149 Mo. 396;. State v. Snyder, 263 Mo. 664;. State v. McBrien, 265 Mo. 594.

WALKER, C. J.—An indictment preferred to the grand jury of St. Louis County in December, 1914, charged the appellant in two counts with embezzlement; in the first with having unlawfully converted to his own use a certain note for $1500, the property of one C. C. Sanders; in the second, with having unlawfully, etc., as a bailee, converted said note.

After a removal of the case by change of venue to the Circuit Court of the City of St. Louis a trial was had resulting in a verdict of guilty under the second count and a sentence of three years' imprisonment in the penitentiary. Appellant seeks a reversal of this judgment.

The second count of the indictment is as follows:

"And the grand jurors aforesaid, under their oaths aforesaid, do further present that Beverly C. Stevens, on or about the — day of July, 1913, at the County of St. Louis and State of Missouri, became and was the bailee of a certain right in action and valuable security, to-wit, a promissory note for the sum of fifteen hundred dollars, dated the 17th day of August, 1912, executed by Henry Woods, and payable three years after date to the order of B. C. Stevens, said note being

of the value of fifteen hundred dollars, the right in action, valuable security and property of C. C. Sanders, which said right in action, valuable security and property was delivered to and came into possession and under the care of the said Beverly C. Stevens as bailee as aforesaid, of, for and on behalf of C. C. Sanders; and the said Beverly C. Stevens, the right in action, valuable security and property aforesaid did then and there feloniously and fraudulently embezzle and convert to his own use, without the consent of the said C. C. Sanders, with the felonious and fraudulent intent then and there to deprive the owner, the said C. C. Sanders, of the use thereof; and so the said Beverly C. Stevens, the said right in action, valuable security and property, of the value aforesaid, the property of the said C. C. Sanders, in the manner and form afore- said fraudulently and feloniously did take, steal and carry away and convert the same to his own use, against the peace and dignity of the State.''

The appellant resided in Clayton, St. Louis County, and was engaged in the real estate and loan business at the time of the alleged offense. In August, 1912, Sanders, the prosecuting witness, purchased from the appellant a note for $1500 payable on its face to the appellant; the latter endorsed the note and turned it over to Sanders. This note was secured by a deed of trust which was also at the time turned over to Sanders. After holding the note about twelve months, Sanders took it to the office of appellant and left it there to be sold or taken up. Several months elapsed and appellant told Sanders from time to time that he was trying to sell the note, but was unable to find a buyer. In October, 1914, Sanders discovered that the Creve Coeur Farmers Bank in St. Louis County had advertised to sell the note at public sale, and on the 14th day of that month it was so sold and he bought it for the sum of $1082.50. The evidence discloses that in August, 1913, the appellant had taken the note and deed of trust aforesaid and deposited them as collateral security for money advanced to him by the Creve Coeur Farmers Bank on his per-

sonal note. This personal note was renewed from time to time between August, 1913, and October, 1914, and a payment or two made, but each time the note and deed of trust in question were deposited as collateral security by appellant to secure the payment of his own note to the bank. It further appears that prior to October, 1914, appellant made an assignment for the benefit of his creditors and that the sale of the collateral note by the bank was to satisfy appellant's debt to it. This was the substance of the testimony on behalf of the State. The defendant offered none.

The points stressed by appellant for a reversal are: defects in the indictment, improper admission of testimony, and errors in instructions.

Stripped of formal averments required in a charge of the nature here under review, the presence of which is not challenged, the essential allegations of the indictment are that at the time stated the appellant was the bailee of a certain note, describing it, which was owned by one C. C. Sanders; that while said note was so held by the appellant he, without the consent of the owner, converted it to his own use; that his intent in so doing was to deprive the owner of the same; and that in the manner aforesaid appellant did feloniously steal, take and carry same away, etc.

I. The count of the indictment under which the appellant was convicted was based upon Section 4552, Revised Statutes 1909. This statute, as we held in State

Indictment.     v. Burgess, 268 Mo. 413, creates two offenses; one for embezzlement as bailee, and the other for converting or making away with money or property as a bailee with intent to embezzle it. The offense as charged in the count under which appellant was convicted is for an actual embezzlement as bailee, and the intent pleaded is nothing more than a defining of the wrongful act with a felonious purpose necessary in any criminal charge. All of the averments essential to charge the offense are embodied therein. It is even more specific than is required under the Statute of Jeof-

fails (Sec. 5108, R. S. 1909) applicable to indictments for offenses of this character, and from it no difficulty is encountered in ascertaining the nature and cause of the accusation. It follows with exactness as to material averments the form approved in State v. Crosswhite, 130 Mo. 358, and, free from the defects noted in the Burgess case, supra, it complies with the requirements held therein to be necessary in framing a charge of this nature.

A more specific contention as to the insufficiency of the indictment is urged in that it alleges that the note was made payable to the appellant or his order, but does not aver that it was indorsed by him to Sanders; that on its face the ownership of same was in the appellant, who could not be held to have embezzled his own property. It is insisted in support of this contention that the indictment should have, in addition to the description it contained of the note, the further averments that the note was payable at the office of the appellant; that it bore interest at the rate of eight per cent per annum after maturity, that it was secured by a deed of trust of even date therewith and that the name of the appellant was indorsed on the back thereof. The context of the indictment furnishes a satisfactory answer to the contention as to the allegation of ownership. In addition to the averment that the note was made payable to the appellant or his order, it is alleged that the right of action on said note and the property in same was in C. C. Sanders. This is even more specific than if it had been alleged, as it is contended should have been done, that the note had been indorsed by the appellant to Sanders. So far, therefore, as concerns the allegation of ownership it is sufficient to meet the requirements of a pleading of this character and to render the note subject to embezzlement by the appellant.

As to the further description of the note which it is contended should have appeared in the indictment, it will be sufficient to say that it constituted matter of description not necessary under our statute to be pleaded. This statute, to which we have heretofore referred, Sec-

tion 5108, supra, provides, among other things, that in any indictment for embezzling any instrument it shall be sufficient to describe the same by any, name or designation by which it may be usually known or by the support thereof, without setting out any copy or facsimile thereof or otherwise describing the same or its value. In ruling upon this statute in State v. Clinton, 67 Mo. 382, and in State v. Carragin, 210 Mo. 371, we held that if the indictment contains enough to notify the defendant of the charge against him, such minuteness of description as is contended for in the case at bar may be dispensed with. To a like effect are the cases of State v. Sharpless, 212 Mo. 202, and State v. Jackson, 221 Mo. 506, which, in construing the statute, Section 5108, supra, are also determinative of the sufficiency of the indictments, holding that the descriptions by their purport of the instrument therein did not constitute such variances between the charges and the evidence offered in proof thereof as to be material to the merits and hence were not prejudicial to the defendants.

Although the crime with which the appellant is charged in this case is statutory (State v. Burgess, 268 Mo. 407) and hence must be so charged as to specifically bring the accused within its terms, the description of the note in the indictment was sufficient to comply with this requirement, in that nothing was left to implication or intendment. There is no merit, therefore, in appellant's contention in this behalf.

II. The contention is also made that there was a variance between the crime charged and that proved. On technical grounds we would be authorized in disregarding this objection in not having been preserved in such a manner as to entitle it to consideration. We have repeatedly held that objections to testimony must be specific and upon an adverse ruling thereto counsel must save exceptions. When the State offered to prove that appellant had in no way accounted to Sanders for the note a formal objection was made by counsel and sustained by the court. Upon a

**Variance.**

more general inquiry in regard thereto counsel for appellant contented himself with remarking: "We are not charged with a failure to account." This was simply an expression of opinion as to the relevancy of the testimony and when the court said, "He may answer," no effort was made to save an exception and thus challenge the correctness of the ruling. However, if this irregular and, as we view it, insufficient manner of objecting to the introduction of testimony and the saving of exceptions be waived, there is no merit in the contention. The crime charged was the embezzlement of the note by the appellant as a bailee; the proof showed that while it was in his possession only for the purpose of effecting its sale for the benefit of the owner, appellant pledged it to a bank as collateral to secure the payment of his own debt. Testimony introduced, therefore, that he had not accounted for the note was admissible if for no other purpose than to show the fraudulent and unlawful character of the transaction or the felonious intent with which the act was committed. The relevancy of testimony of the character here complained of was discussed by us in State v. McWilliams, 267 Mo. 456, as it had been in a number of earlier cases; while not ruling upon its admissibility, which was conceded, we held it sufficient proof of a felonious intent to sustain a verdict of guilty. It is apparent that the objection to the testimony complained of is based upon an erroneous conclusion as to the purpose of its admission, which was not to prove the crime, but the intent with which it was committed; admissible for that purpose, it constituted no variance and hence the contention of appellant is devoid of merit. The cases cited in support of the contention are not parallel in their facts with those in the case at bar and hence have no ruling effect in this matter. We refer to State v. Mispagel, 207 Mo. 573; State v. Crosswhite, 130 Mo. 358; State v. Dodson, 72 Mo. 283.

III. Appellant complains of the instructions. The error thus assigned is sought to be preserved in the motion for a new trial as follows:

Instructions.

"Because the court erred in giving instructions to the jury upon request of the State.

"Because the court erred in giving instructions given upon the court's own motion.

"Because the court erred in failing to instruct the jury on all the law of the case.

"Because the court erred in refusing the instructions offered and requested by defendant.

"Because the court erred in giving instructions requested by defendant in a modified form."

These sweeping averments afforded the trial court no opportunity—as is the purpose of a motion for a new trial—to correct the errors now contended by the appellant to inhere in the instructions. As much would have been expressed and the trial court equally enlightened if, instead of the several averments, one had been employed which alleged that the court erred in giving and refusing instructions. The statutory mandate (Sec. 5312, R. S. 1909) that we shall in criminal cases, regardless of assignments of error, render judgment upon the record before us, means such a record of the trial as is required by our rules of procedure to be preserved for our review. We have repeatedly ruled that motions for new trials in criminal cases should, if instructions are complained of, contain some definite reference thereto although it extends no further than a numerical reference to such instructions (State v. Othick, 184 S. W. 106; State v. Gilbert, 186 S. W. 1003; State v. Gifford, 186 S. W. 1058; State v. Miller, 188 S. W. 87; State v. Fleetwood, 190 S. W. 1; State v. Harris, 245 Mo. 445; State v. Snyder, 263 Mo. 1. c. 668; State v. Rowe, 196 S. W. 7; State v. Katz, 266 Mo. 493; State v. Levy, 262 Mo. 181; State v. Hammontree, 177 S. W. 367; Polski v. St. Louis, 264 Mo. 458; State v. Lewis, 273 Mo. 532); this is but fair to the trial court and is no wise prejudicial to the defendant. A compliance with this requirement, as we held in State v. McBrien, 265 Mo. 1. c. 604, and in State v. Selleck, 199 S. W. 129, is within the statutory injunction (Sec. 5285, R. S. 1909) which provides that a motion for a new trial "shall set forth the

grounds or causes therefor.'' There is no reason why the rule should not have been observed in this case. A failure so to do precludes an examination of the instructions, which we are authorized in presuming correctly declared the law.

The facts present no extenuating circumstances in this case; as a consequence no defense was interposed to the merits. The appellant, indifferent to the trust reposed in him by the owner of the note, deliberately converted it to his own use by pleading it as collateral to secure a personal debt and now seeks solely through the interposing of technical objections to the manner of his trial to escape the consequences of his crime. None of these have we found of such materiality as to authorize an interference with the judgment of the trial court, which is therefore affirmed. All concur.