232 S.W.2d 909 (1950)
STATE
v.
ANDERSON et al.
No. 41912.
Supreme Court of Missouri, Division No. 1.
October 9, 1950.
*910 J. E. Taylor, Atty. Gen., Lawrence L. Bradley, Asst. Atty. Gen., for appellant.
Dubinsky & Duggan and Carl M. Dubinsky, St. Louis, for respondents.
CONKLING, Presiding Judge.
The State has appealed from the order of the circuit court of the city of St. Louis sustaining the separte but identical motions of the respondents (hereinafter called defendants) to quash an indictment filed in said court on April 18, 1949, in which indictment defendants were jointly charged with the offense of embezzlement by bailees.
The indictment charged that defendants, "between the 23rd day of April, one thousand nine hundred and forty-six and the 16th day of December, one thousand nine hundred and forty-seven, at the City of St. Louis aforesaid, became and were the bailees of seventeen thousand seven hundred and forty-six gallons of solvent, known as Shell Sol, of the value of two thousand three hundred nineteen dollars and fifty-one cents, the goods, chattels, and personal property of the Shell Oil Company, a corporation, then and there being duly organized and existing under the laws of the State of Virginia, which said seventeen thousand seven hundred and forty-six gallons of solvent was delivered to and came into the possession and under the care of the said Siegle E. Anderson and James E. Burnett, as bailees aforesaid, of, for and on behalf of the said Shell Oil Company, a corporation, as aforesaid, and that the said Siegle E. Anderson and James E. Burnett, the said seventeen thousand seven hundred and forty-six gallons of solvent aforesaid did then and there feloniously and fraudulently embezzle and convert to their own use, without the consent of the said Shell Oil Company, a corporation as aforesaid, with the felonious and fraudulent intent then and there to deprive the owner, the said Shell Oil Company, a corporation, as aforesaid, of the use thereof; and so the said Siegle E. Anderson and James E. Burnett, the said seventeen thousand seven hundred and forty-six gallons of solvent of the value aforesaid, in the manner and form aforesaid, fraudulently and feloniously did take steal and carry away."
The sole question upon this appeal is the legal sufficiency of the indictment under the statute, R.S.Mo.1939, § 4473, Mo.R.S.A. That statute, in part, provides: "If any * * * bailee * * * shall embezzle or convert to his own use * * * any money, goods * * * (or) property * * * which shall have been delivered to him, or shall have come into his possession or under his care as such bailee * * * he shall, on conviction, be punished", etc.
The grounds upon which it is claimed that the indictment is fatally defective are (1) that the indictment does not fully inform the solvent was delivered to defendants, (2) that the indictment "does not fully inform defendants of the nature and cause of the accusation, in that, it fails to plead the essential elements of the offense, and what charge, if any, they must prepare against", and (3) that the charge that defendants "became the bailees of 17,756 gallons of solvent * * * the goods, chattels and personal property of Shell Oil Co." pleads *911 a conclusion and is legally insufficient to support an indictment.
Embezzlement is a statutory offense and was unknown to the common law. An indictment therefor must "substantially follow the language of the statute" (if that language or the statutory terms used be sufficient to inform defendants of the offense with which they are charged) or it must set out the constituent facts and circumstances necessary to inform defendants of the offense with which they are charged. State v. Ross, 312 Mo. 510, 279 S.W. 411, 413. An indictment is sufficient if it contains every essential element of the offense as the same is defined by the statute. State v. Stevens, 281 Mo. 639, 220 S.W. 844; 18 Am.Juris. Embezzlement, p. 598. Defendants have the constitutional right to demand and know "the nature and cause of the accusation," etc. The constitutional right is satisfied if, by the indictment, they are "definitely informed as to the nature of the charge against him (them), the that, when determined (i. e., adjudicated), it might constitute a complete bar to another prosecution for the same offense." State v. Borders, Mo.Sup., 199 S.W. 180, 182. "While it is true in a criminal charge that nothing (of substance) must (may) be left to intendment or implication, this rule must be construed as having reference to such allegations as are necessary to inform the defendant of the nature and cause of the accusation against him, and not to extrinsic matter, the averment of which is unnecessary, and, if averred need not, * * * be proved." State v. Stringer, 357 Mo. 978, 211 S.W.2d 925, 929. And, although it is indispensable that there exist (before the offense of embezzlement can be committed) a fiduciary relationship between a defendant charged with embezzlement and the person whose property is charged to have been embezzled, State v. Ruznak, Mo.App., 15 S.W.2d 349, State v. Carr, 118 N.J.L. 233, 192 A. 36; 18 Am.Juris. p. 601, and while it is necessary that the indictment show the existence of such a relationship, yet it is not fatal to the indictment that all the particulars of such fiduciary relationship are not explicitly pleaded if the term used in the statute is employed and is sufficient to indicate that relationship. Wharton's Criminal Procedure, Vol. I, p. 742, State v. Ruznak, supra; People v. McLean, 135 Cal. 306, 67 P. 770; State v. Carr, supra; 29 C.J.S. Embezzlement, § 17, page 695.
Is it fatal to the indictment that it is not alleged therein by whom the solvent was delivered to defendants? That question must be answered in the negative. It is our view that to require that to be done (where, as here, the indictment uses the statutory word "bailee", to indicate the fiduciary relationship) would be to also require explicit pleading of a matter as to which detailed proof may not be required. Such is not necessary under these circumstances. The indictment must allege the fiduciary relationship. But it is not required that it show the property charged to have been embezzled was delivered to defendant by "A", "B" or "C", or by any one. The gist of the charge is an embezzlement by defendants as bailees. An indictment for embezzlement concedes the lawful possession of the property by the bailee. State v. Peck, 299 Mo. 454, 253 S.W. 1019. The indictment charges that the "solvent was delivered to and came into the possession and under the care of * * * (defendants) as bailees aforesaid." Before there can be embezzlement as bailees defendants must hold the property as bailees. Such holding as bailee is vital to an embezzlement as bailees. But who delivered it to them is not at all of the essence of the charge made. In State v. Crosswhite, 130 Mo. 358, 32 S.W. 991, 992, 51 Am.St.Rep. 571, this court declined to follow State v. Grisham, 90 Mo. 163, 2 S.W. 223, in determining the sufficiency of an indictment under this statute, which alleged an embezzlement by a "consignee and bailee", and ruled that the objection to the indictment that it did not allege by whom the property thereafter embezzled had been delivered to defendant was without merit. See also, State v. Flint, 62 Mo. 393. There, as here, the indictment was "in the language of the statute, and unquestionably good." Defendants' first above stated contention must be overruled.
The indictment fully informs defendants of the nature and cause of the accusation, *912 pleads the essential elements of the offense and advises defendants of the charge they must meet. The offense charged under the statute (embezzlement by bailee) is basically predicated upon the existence of the fiduciary relationship. That relationship is expressed in the statute by the use of the word "bailee". In the statute such fiduciary relationship has been compressed into the word "bailee". In the indictment now before us that relationship has been (and may be) compressed into and expressed by the use of the statutory word "bailee". The word is here one of legal significance. It has a definite and legally understood meaning when used in such a statute as this. It does not mean a loan of personal property for a borrower's sole benefit. As used in this statute, the word "bailee" clearly comprehends a fiduciary relationship wherein one who holds a thing of value commits an embezzlement by converting the thing of value to his own use or by such conversion and the disposition of it. That word (as used in this statute) includes the possession of personal property in trust for a specified purpose, such as (but not limited to) delivery to another, with an understanding or contract, express or implied, that such trust be faithfully executed. State v. Carr, supra. "Bailee" is used in such a statute as this not in a general but in a limited sense to mean fiduciaries who, by virtue of such relationship, come into good faith possession of property and thereafter, in violation of a trust, convert and embezzle the same. State v. Ruznak, supra; Lewis v. People, 114 Colo. 411, 166 P.2d 150; Settles v. State, 92 Ark. 202, 122 S.W. 500; State v. Carr, supra; 18 Am.Juris., Embezzlement, pp. 597 to 602. It is our conclusion, and we rule, that the indictment informs defendants of the nature and cause of the accusation, pleads the essential elements of the offense and informs defendants what charge "they must prepare against."
All of the averments necessary to charge the offense are stated in the indictment. That the origin or particulars of the relationship are not averred does not leave the charge to implication or intendment. People v. Gordon, 133 Cal. 328, 65 P. 746, 85 Am.St.Rep. 174, and authorities supra. The word used in the statute and the indictment is sufficient to indicate and include the relationship. This statute is brief. It is not technical. There is no mystery in it. No case has been cited, nor has our research disclosed one, which suggests any logical reason why this indictment should contain more detailed specifications to apprise defendants of the offense charged. The cases cited by defendants have been carefully examined but they do not rule this question.
It is last contended that the indictment in charging that defendants "became the bailees of 17,756 gallons of solvent * * * the goods, chattels and personal property of Shell Oil Co." states but a conclusion and is legally insufficient to support an indictment. What we have said above disposes of that contention.
A transcript of the argument (including therein statements of counsel as to the facts of the case) made upon the hearing of the separate motions to quash the indictment has been filed here and denominated a "Bill of Exceptions." The proper and authorized "Record Proper" was also filed. The so-called "Bill of Exceptions" has no place in this case. Its filing is not authorized. Statements made by counsel as to what the facts of the case may or may not be are not instantly before us, and, upon the issue of law instantly here we cannot and do not consider them. We consider only the question of law as to the legal sufficiency of the indictment. In the "Memorandum of Court" included in the so-called "Bill of Exceptions", the trial court stated: "The court knows from the (oral) argument on the motion and briefs, but no from the indictment, that", etc. Then follows a recital by the court as to certain factual matters. From facts therein recited the trial court made certain deductions and thereupon reached certain legal conclusions. Certain arguments made in respondent's brief filed here are based on those facts as stated by counsel. But these motions to quash present only questions of law. *913 The judgment and order of the circuit court sustaining the separate motions to quash the indictment is reversed and the cause is remanded. It is so ordered.
All concur.