## EMBREY, Appellant, v. HARGADINE-McKITTRICK DRY GOODS COMPANY, Respondent.

St. Louis Court of Appeals, November 14, 1905.

1. **CONTRACT OF EMPLOYMENT: Re-employment: Prima Facie Case.** An employee, under a contract of employment for a term of years, after the expiration of his term, requested his employer to renew the contract for another year and the employer told him to go ahead with the work which the employee did for two months, when he was discharged. *Held,* in an action by the employee for breach of the contract of employment, that the evidence was sufficient to submit to the jury the issue of whether plaintiff was employed by an oral contract for a year, on the terms of the expired contract.

2. **STATUTE OF FRAUDS: Contract to be Performed Within a Year.** Where an employee under a contract of employment for a term of years which expired on December 15, agreed on the 23d, of December with his employer upon a renewal of the contract for the "next year" or the "coming year," the inference is that the contract was to begin on the 15th or the 23d of December, was to be wholly performed within a year from its date, and was not within the Statute of Frauds.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

REVERSED AND REMANDED.

*Sloan Pitzer* for appellant.

Plaintiff contends that he entered into a parol contract with defendant for one year, renewing the terms of the old contract. Boggs v. Pacific Steam Laundry Co., 86 Mo. App. 616.

*Chas. Claflin Allen* and *John H. Holliday* for respondent; *Johnson, Allen & Richards* of counsel.

(1) The plaintiff declared upon an express contract of hiring for one year, but totally failed to prove any contract. Hayes v. Bunch, 91 Mo. App. 467; Lewis v. Slack, 27 Mo. App. 119; Feurt v. Ambrose, 34 Mo. App. 360; Boogher v. Ins. Co., 8 Mo. App. 533; Leveridge v. Lipscomb, 36 Mo. App. 630. (2) If the evidence introduced by the plaintiff tended to prove any contract, it tended to prove either: (a) A contract of hiring for an indefinite period, determinable at the will of either party. Finger v. Brewing Co., 13 Mo. App. 310; Evans v. Railroad, 24 Mo. App. 114. (b) Or an oral contract not to be performed within a year from the date it was made, and hence invalid under the statute of frauds. R. S. 1899, sec. 3418; Atwood's Admr. v. Fox, 30 Mo. 490; Sharp v. Rhiel, 55 Mo. 97; Johnson v. Reading, 36 Mo. App. 306; Mally v. Reading, 107 Mo. 350.

GOODE, J.—Action on a parol contract of hiring wherein it was alleged plaintiff was employed by the defendant for a period of one year from December 23, 1903, and wrongfully discharged on March 1, 1904, to his damage in the sum of $1,616.64. On November 25, 1901, the plaintiff and defendant entered into the following written agreement:

"This agreement, made November 25, 1901, between Hargadine-McKittrick Dry Goods Co. of St. Louis, Mo., and Charles R. Embrey, witnesseth: Hargadine-Mc-

Kittrick Dry Goods Co. employs the said Embrey for a period of two years from December 15, 1901, at a salary of two thousand dollars per annum.. The employment and duties of said Embrey shall be to have complete general charge of the sample department. Embrey agrees that he will devote his entire time to the business of the company and comply with the instructions of its officers.

"HARGADINE-MCKITTRICK D. G. CO.,

"By THOS. H. MCKITTRICK, Prest."

Plaintiff continued in the employ of the defendant during the time stipulated in the above contract, which, as will be seen, expired December 15, 1903. Some time prior to said date plaintiff spoke to Thos. H. McKittrick, president of the defendant company, in reference to future employment, but was put off by McKittrick with the excuse that the latter was too busy at the time to take up plaintiff's proposal. So the matter stood until December 23, 1903, when plaintiff went to McKittrick's office, and finding him in, plaintiff asked that his contract be renewed for a year, saying that he had no contract as the old one had expired. In this conversation plaintiff informed McKittrick that only a short time was left in which he could obtain employment for the ensuing year, and he would have to cease working for the defendant unless his contract was renewed. Plaintiff was in charge of the sample department of defendant's store. He said that in the conversation McKittrick showed an interest in his work, asked plaintiff how he was getting along and, in response to the demand for a renewal of the previous contract, said: "You are all right; go on with the work and get your men out." Such, in substance, is the testimony of the plaintiff as repeated several times in the course of his examination in chief and cross-examination. He said he asked McKittrick to renew his contract "for the present year" and "for this year;" using both forms of expression. And, again: "I told him I wanted to renew my contract or have a contract for the year, as my contract had

already expired. . . . I went to Mr. M'cKittrick and asked him to renew my contract for this present year as I was then working without a contract. I think I explained to him that I had always worked under yearly contracts. However, during the conversation I told him that unless I could renew—" (here the witness was interrupted; continuing, he said) : "That is as near as I can remember; that I would quit unless my contract was renewed. . . . I asked him to renew my contract and that I would have to have an understanding for the next year. In substance that is all I asked him. He asked me how I was getting along and if I was getting men out, and I told him I was, and he said: 'You're doing all right, go ahead with your work.' He asked me about my department and I told him during the conversation that unless I could get it (the .contract) I would quit; that I had to get a contract for the coming year and I only had a short time to get it in."

On February 12, 1904, the following letter was addressed to the plaintiff:

"Hargadine-McKittrick Dry Goods Co.;
"St. Louis, 911 Washington Ave.
"February 12 ,1904.
"Charles R. Embrey, Esq.,
"Dear Sir: I regret to inform you that at a meeting of the board of directors held yesterday, February 11th, it was decided that in order to bring about necessary economies and to effect certain changes deemed to be desirable in the conduct of our business, it will be necessary to ask for your resignation, to take effect on March 1st.
"Very truly yours,
"Thos. H. McKittrick, President."

When he received that letter plaintiff asked an explanation of the president, saying that he (plaintiff) considered that he had a contract with the defendant which the president had made with him. McKittrick

said the letter was written pursuant to action of the board of directors as a matter of economy; that plaintiff was not the only one who would be discharged, but others would be also; at the same time complimenting plaintiff on his work. On March 1st a note was addressed to plaintiff by McKittrick, telling him to turn over his sample department to Geo. H. Allen, and that defendant no longer considered plaintiff in its employ. He thereafter attempted to secure other employment, but was unable to do so.

At the conclusion of the testimony the court ordered a verdict for the defendant and this ruling is assigned . for error.

We hold there was evidence for the jury on the issue of whether plaintiff was employed by an oral contract for a year. A proposal for an agreement which refers for its terms to a previous contract between the parties, is sufficiently definite. [1 Page, Contracts, 27; Walsh v. Meyers, 92 Wis. 397.] Plaintiff's proposal for re-employment referred to the previous contract for the terms of the proposed new contract except as to the period for which he was to be re-employed. The period proposed was a year, instead of two years. He said he requested to be employed for "this year;" which taken literally would mean the year 1903, wherein the conversation took place, and would be a proposal for employment from December 23d to the close of the year; that is to say, for eight days. This interpretation can not be given to plaintiff's words. He spoke naturally instead of technically; but the unmistakable inference is that he wanted to be hired for another year, running either from the expiration of the first contract on December 15th, or from the date of the conversation, December 23d. Likely he intended a renewal from the date of the expiration of the contract; but whether from that date or the date of the conversation, it was a plain request for employment for a year, according to the terms of the agreement under which he had been working. His proposal was

definite enough to constitute the basis of a contract, and the evidence goes to show the defendant accepted it both by words and conduct. A reasonable person would understand his contract was renewed, if told that he was all right and to go ahead with his work, in response to a request for renewal, accompanied with notice that unless it was granted he would forthwith seek employment elsewhere. Moreover, the defendant, knowing plaintiff's desire for a definite arrangement which would insure him work for a year, permitted plaintiff to continue in its service until it chose, for economy's sake, to discharge him. And when discharged there was no denial that he had been hired for a year, but the discharge was excused on the ground that the board of directors had ordered it to reduce expenses.

The statute of frauds is interposed as a defense on the assumption that the contract in proof shows plaintiff's re-employment was to be for the year 1904 and begin on the first day of that year. A contract not to be performed within a year from the date of its making is within the statute of frauds, even though it is to be performed within one year from the date when performance is to begin. [Biest v. VerSteeg Shoe Co., 97 Mo. App. 137, 70 S. W. 1081.] Plaintiff's testimony went to establish a contract, performance of which was to date from either the 15th or the 23d of December, and be finished in a year. The statute of frauds was no defense to that agreement.

The judgment is reversed and the cause remanded. All concur.