CASPER DISTLER, Respondent, v. COLUMBIAN NA-TIONAL LIFE INSURANCE COMPANY, a. Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed January 4, 1921.

1. INSURANCE: Insurance Contracts: Susceptible of Two Meanings: Construed Most Favorable to Insured. Where insurance contracts, which are prepared entirely by the insurer, are susceptible of two meanings, the contract should be so construed as to give to it that meaning most favorable to the insured.

2. ———: Accident Insurance: Insured Injured While Passenger on Public Conveyance: Double Indemnity. In an action on an accident insurance policy, where the petition seeks to recover double indemnity which is provided for in the policy, if the insured be injured while a passenger in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service, a passenger on a street car who had not safely alighted, nor had he safely disconnected himself from the car when he was thrown from the car to the ground by the sudden jerk or starting of the car, and injured, *held* the language of the policy was broad enough to create liability for double indemnity on account of the injuries of plaintiff.

3. MISTRIAL: Voluntary Statement of Witness: Refusal of Trial Court to Declare Mistrial: Largely Discretionary. Where a witness makes a voluntary statement, the question of declaring a mistrial, under such circumstances, is largely a matter within the discretion of the trial court.

4. ——: ——: Jury Admonished to Disregard: Refusal of Trial Court to Declare Mistrial: Not Reversible Error. In an action on an accident insurance policy, where a witness voluntarily stated that the defendant had offered him a certain sum to settle his claim, and the court admonished the jury that they should wholly disregard such statement, *held* that the action of the trial court in refusing to declare a mistrial was not reversible error, especially as there may be some doubt as to whether or not the answer of the witness was entirely voluntary or was not in some respects an answer to the question asked by counsel.

5. INSURANCE: Accident Insurance: Vexatious Refusal to Pay: Damages and Attorney's Fees: Evidence: Question for the Jury. In an action on an accident insurance policy, where there was evidence that insured was told by one of defendant's agents that unless he accepted the amount offered him in settlement his policy would be canceled and he would not get anything, and that after his refusal the policy was canceled, *held*, that the evidence supported the finding of the jury imposing damages and attorney's fees.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Thomas C. Hennings*, Judge.

AFFIRMED.

*Leahy & Saunders*, and *David W. Voyles* for appellant.

(1) Damages as for vexatious refusal to pay should not be imposed in the absence of evidence that the refusal to pay double indemnity was willful and without reasonable cause. R. S. 1909, sec. 7068, as amended Acts 1911, p, 282; Fay v. Aetna Ins. Co., 268 Mo. 389; Strawbridge v. Ins. Co., 193 Mo. App. 693; Patterson v. Ins. Co., 174 Mo. App. 44; Non-Royalty Shoe Co. v. Ins. Co., 210 S. W. 42. (2) Where the jury does not specifically find that defendant is guilty of such willful act, the imposition of penalties and attorney's fees is improper. Non-Royalty Shoe Co. v. Phœnix Assur. Co., 210 S. W. 42. (3) The words "in" or "on" used in the policy must receive the construction usually and ordinarily given those words, and a person not in a place prescribed, at the time of the injury, does

not come within said terms. Turner v. Fid. & Cas. Co., 274 Mo. 260, 202 S. W. 1082; Fay v. Aetna Ins. Co., 268 Mo. 373; Wallace v. Employers Liab. Ins. Co., 2 Dominion L. R. 854; Aetna Life Ins. Co. v. Van Bakkelen, 86 Fed. 282 (U. S. C. C. A. 8th Cir); Van Bakkelen v. Travelers Ins. Co., 34 App. Div. 399; Affirmed 167 N. Y. 590; Mitchell v. Accident Ins. Co., 179 Mo. App. 7; Overbeck v. Travelers Ins. Co., 94 Mo. App. 453; Anable v. Fidelity & Casualty Co., 73 N. J. L. 320; affirmed 74 N. J. L. 686.

. *W. E. Moser* and *Kelley & Starke* for respondent.

(1) The question of vexatious delay or the refusal without reasonable cause on the part of an insurance company to pay just claims is a matter of fact to be determined by the jury. Plaintiff is not required to prove by explicit evidence that the delay or refusal was vexatious before damages are allowed. The jury have the right to make up their verdict on this issue by a general survey of all the facts and circumstances in the case and if they conclude that the refusal was unjustifiable, or unreasonable, the law authorizes them to assess the damages provided for in section 7068, Laws of Missouri 1911, page 283. Keller v. Home Life Ins. Co., 198 Mo. 440; Barber v. Hartford Life Ins. Co., 187 S. W. 873; Stix v. Indemnity Company, 175 Mo. App. 171; Jaggi v. Insurance Company, 191 Mo. App. 384; Dodge v. N. Y. Life Ins. Co., 189 S. W. 610; Hicks v. Life Ins. Co., 196 Mo. App., 177. (2) Where the jury find a general verdict assessing both the penalty and the attorney fee, it is not necessary that there should be an affirmative finding that the refusal to pay was in fact vexatious. Shoe Company v. Assurance Company, 277 Mo. 399, 210 S. W. 42. (3) There was ample evidence introduced at the trial from which the jury could conclude that the refusal to pay plaintiff double indemnity was vexatious and without reasonable excuse and upon such evidence the jury did find a general verdict in favor of the plaintiff and assessed both the penalty and the attorney's fee against it. (4) Defendant's policy herein sued on provided for the payment of double indemnity if plaintiff was

injured "while a passenger in or on a public conveyance (including the platform, steps and running board thereof) provided by a common carrier for passenger service." Plaintiff was on the platform of a street car, in the act of alighting, when by reason of a sudden jerk of the car he was thrown violently to the street and injured. He was in a place expressly included by the terms and provisions of defendant's said policy of insurance, to wit, on the platform and steps of a street car at the time the proximate cause of his injuries occurred. James v. Casualty Company, 113 Mo. App. 622; King v. Travelers Insurance Company, 101 Ga. 64; Preferred Acc. Ins. Co. v. Muir, 61 C. C. A. 456; Craig v. U. R. Co., 175 Mo. App. 623; Fay v. Ins. Co., 268 Mo. 385-6. (5) It is a well-settled rule of construction in this State that the language of a policy is to be construed so as to effectuate the insurance and not so as to defeat it. Where the language employed in a policy is the least doubtful, it is to be more strictly construed against the insurer and in such a way as to protect the insured. Stix v. Indemnity Co., 175 Mo. App. 177; DeMun Est. v. Ins. Co., 196 Mo. App. 1; Still v. Ins. Co., 185 Mo. App. 550. (6) The trial court was in the better position to determine whether or not the answer of the plaintiff concerning the offer of settlement was prejudicial to the defendant. If any prejudice was created against defendant (which we deny) it was immediately removed by the prompt action of the trial court taken at the time. It was discretionary with the court to refuse to discharge the jury on that ground. Wojciechowski v. Coryell, 217 S. W. 638; Stephens v. City of Eldorado Springs, 190 S. W. 1005.

NIPPER, C.—This is an action on an accident insurance policy. The petition seeks to recover double indemnity, which is provided for in the policy if the insured be injured while a passenger in or on a public conveyance (including the platform, steps or running-board thereof) provided by a common carrier for passenger service.

The answer denied liability under the double indemnity clause, and set up a number of defenses.

Plaintiff recovered judgment for $1,050 due under the policy, $45.82 interest, $105 damages, $350 attorney's fees, making a total of $1,550.82.

Defendant appeals.

Plaintiff, whose business was baker and confectioner, resided in the City of St. Louis, where he stated he had been engaged in such business for about twenty-six years.

Plaintiff testified that on or about the 28th of October, 1916, while riding on a street car in St. Louis, and on what is known as the Wellston line, he had proceeded west until the car reached the intersection of Newstead and Easton Avenues, where he was intending to leave the car. He signaled for the car to stop, which was done. At the time, he was riding on the rear platform where two or three other men were also riding as passengers. One of these men was standing in his way as he started to get off the car, and before he could step down off the car onto the ground the car started with a sudden jerk and threw him into the street, where he received the injuries complained of, consisting of broken fingers, lacerated hands, and injuries to his body and legs.

On behalf of the defendant, the evidence showed that the plaintiff did not wait for the car to stop, but voluntarily stepped off the car while it was in motion and before it stopped or reached the usual stopping point. Three or four witnesses who were on the car, and some of whom were on the rear platform at the time plaintiff sustained his injuries, testified positively that he deliberately stepped from the car while it was in motion.

At the trial and during the cross-examination of plaintiff, the following took place:

"Q. Mr. Distler, your attorney, Mr Kelley, went to the office of the Columbian National Insurance Company, and they offered him four hundred dollars to settle your claim, didn't they? A. I don't know.

"Mr. Kelley: Wait a minute. I never did; you are mistaken about that. For your information I'll say I did not go over there.

"Mr. Leahy: Well, the representative of the insurance company saw Mr. Kelly, whether at their place of business

or his office, and offered four hundred dollars?    A. I don't know.

"Q. Didn't Mr. Kelley tell you to take that?    A. No; you offered me nine hundred dollars and I said I wouldn't take it; didn't you?

"Mr. Leahy: Now, I will ask for a mistrial on it.

"Mr. Kelley: But you brought it out.

"Mr. Leahy: I did not bring any such thing out.

"Mr. Kelley: Yes, you did.

"Mr. Leahy: That is a statement unwarranted and uncalled for and improper, and I ask for a mistrial.

"The court: It is not responsive to your question; you did not bring it out; I will order it stricken out, and overrule your application for a mistrial. The jurors are instructed to disregard the statement just made by the witness as to any proposition that Mr. Leahy is supposed to have made to him."

Such other testimony as may be necessary to a proper determination of the points raised by appellant, will be set out and referred to in the opinion.

Appellant contends that plaintiff was not entitled to recover for double indemnity because the injuries he sustained were not received while in or on a public conveyance, nor on the platform, steps or running-board thereof, as provided for by the terms of the policy providing for double indemnity; that the court erred in not declaring a mistrial on account of the voluntary statement of the witness as above set out in the testimony with respect to the offer of $900; and that there was no testimony to sustain the finding and judgment as to the assessment of penalty and attorney's fees for vexatious refusal to pay.

As to the first contention of appellant, we rule adversely. There is no contention in this case as to the defendant's liability, but it is denied that it is liable for double indemnity because plaintiff was not in or on this street car (including the platform or steps) at the time he received the injury, so as to come within the provisions of the policy providing for double indemnity, where the insured received injuries under such circumstances.

To say that the plaintiff did not receive his injuries while riding as a passenger in or on this street car or the steps thereof, but received his injuries after he had safely disconnected himself from the car, would be like saying that a man did not receive any injuries by a fall, but received injuries by coming suddenly in contact with the ground. Where insurance contracts, which are prepared entirely by the insurer, are susceptible to two meanings, the contract should be so construed as to give to it that meaning most favorable to the insured.

If plaintiff's testimony be true, and the jury evidently believed it, he had not safely disconnected himself from this street car, when the sudden jerk of the car threw him to the ground; and if so, we think the language of this policy is broad enough to create liability for double indemnity on account of the injuries of plaintiff as detailed in the evidence. He was a passenger on this car, and had not safely alighted, nor had he safely disconnected himself from said car, when, according to his testimony, he was thrown from the car by the sudden jerk or starting of the car. If defendant intended to make such exceptions from liability as it here contends for, such exceptions should have been stated in the policy, and, not having stated them, we cannot give to this policy the narrow construction contended for by defendant. We think this construction is supported by reason as well as by the following authorities: May on Insurance, Vol. 2, section 524; Schmohl v. Travelers' Insurance Co. (Mo. App.), 189 S. W. 597; James v. Casualty Co., 113 Mo. App. 622, 88 S. W. 125; Insurance Co. v. Muir, 126 Fed. 926; King v. Insurance Co., 101 Ga. 64; Wilmarth v. Insurance Co., 143 Pac. 780; Barber v. Travelers' Insurance Co., 165 Ill. App. 239.

We do not think there is anything said in Turner v. Fidelity & Casualty Co., 274 Mo. 260, 202 S. W. 1078, or Fay v. Aetna Life Insurance Co., 268 Mo. 373, 187 S. W. 861, which announces a contrary rule under such a state of facts as is detailed by the plaintiff in this case and under the terms of a similar policy.

We now pass to the next question as to whether or not there was reversible error in the court's action in refusing to declare a mistrial on account of the voluntary statement of the witness with respect to the testimony heretofore set out in this opinion. The court admonished the jury that they should wholly disregard such statement, and as the question of declaring a mistrial under such circumstances is largely a matter within the discretion of the trial court, we do not think, in view of all the circumstances, that this was reversible error, especially as there may be some doubt as to whether or not the answer of the witness was entirely voluntary or was not in some respects an answer to the question asked by counsel. [Wojciechowski v. Coryell (Mo. App.), 217 S. W. 638; Stutz v. Milligan et al. (Mo. App.), 223 S. W. 128.]

We now come to appellant's final contention, which is, that there was no evidence to support the finding of the jury imposing damages and attorney's fees.

Plaintiff testified that when he was in defendant's office, when the question of settlement was being discussed, he was told by one of defendant's agents that unless he accepted the amount offered him in settlement, his policy would be canceled and he would not get anything. He also states that after his refusal his policy was canceled. We think this fact, if it is a fact, together with all the other facts and circumstances in the case, authorized the court to submit this question to the jury, and we would not be justified in disturbing their verdict. The arbitrary action of the defendant in canceling the policy because plaintiff refused to accept the amount offered him, would be a fact tending to show the wilful refusal of the defendant to pay the amount recovered on the policy, while it may not be any evidence bearing upon his right to recovery. [Fay v. Aetna Life Insurance Co., supra.]

The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.