# CLARENCE L. SCHARFF, Respondent, v. STANDARD TANK CAR COMPANY, Appellant.*

**St. Louis Court of Appeals.   Opinion Filed June 6, 1924.**

1. **FRAUDS, STATUTE OF:** Contracts: Oral Contracts: Employment for One Year From Date of Agreement: Not Within Statute. An oral contract of employment for services for one year to begin on the day of employment, or from that day, is a contract to be performed within one year from the making thereof, and was without section 2169, Revised Statutes 1919, and therefor enforceable, the words "within one year" are construed with the same force and effect as the words "for a longer time than one year," and section 7058 relative to the construction of statutes is applicable.

2. ———: ———: ———: Waiver: Day's Salary Deducted from First Month's Pay Check: Did not Prevent Year Beginning to Run from Date of Employment. The fact that plaintiff made no contention regarding a day's salary deducted from his first month's pay check, and waived it, did not prevent the year from beginning to run on or from the date of his employment, and the cause was properly submitted to the jury.

3. **INSTRUCTIONS:** Modified by Court: Defendant's Exceptions to Modified Instruction: Error May Be Predicated Thereon. An instruction modified by the court becomes the court's instruction even where the complaining party requested, before modification, the instruction in the first instance, and such instruction was not plaintiff's instruction but was the court's instruction, and, as defendant objected and excepted to it, and noted the alleged error in its motion for a new trial, it may justly predicate error on it.

4. ———: General Specifications of Error in Motion for New Trial: Sufficient. Defendant's general specifications in a motion for a new trial that the "court erred in giving erroneous instructions of its own motion" was sufficient to predicate error on the giving of an instruction requested by plaintiff as modified by the court.

5. ———: Breach of Contract of Employment: Instructions Not Conflicting. In an action for breach of contract for personal services, an instruction that if defendant employed plaintiff "for one year then beginning" was not in conflict with defendant's instruction covering the same matter and using the words "for one year thence next ensuing," both being equivalent expressions qualify-

ing the words "for one year" and both referring to the year immediately following.

6. ———: ———: *Instruction Not Erroneous as Assuming Controverted Facts.* In an action for breach of contract for personal services, an instruction was not prejudicial error as assuming controverted facts where it required, before plaintiff could recover, a finding that defendant employed plaintiff for one year then beginning, or thence next ensuing, the later reference in the instruction to the "said employment," "the said year," and the "said contract," and "at the rate of $5000 per year," merely directed the jury's attention to facts that they necessarily found at the opening of the instruction.

7. ———: ———: *Instruction Not Erroneous as Submitting Question of Law.* In an action for breach of contract for personal services, an instruction requiring the jury to find "that plaintiff entered upon and performed his duties under the contract" was not erroneous as submitting a question of law by the words "performed his duties," where the jury was also required to find "that the defendant employed plaintiff as its traveling representative, and plaintiff accepted and agreed to render services in that capacity for one year."

8. ———: ———: *"Wrongfully Discharged:" Failure to Define: Harmless.* In an action for breach of contract for personal services, the failure to define the word "wrongfully" in an instruction relating to plaintiff's discharge, if error, was cured by defendant's instruction which in effect told the jury to find for defendant if plaintiff was discharged for good cause, and therefore, failure to define the word was harmless.

9. ———: ———: *Error Complained of in Plaintiff's Instructions: Cured by Those Given for Defendant.* In an action for breach of contract for personal services, the errors complained of, if any, in plaintiff's instructions, were cured by defendant's given instructions.

10. **PLEADING: Amended Petition: Departure: Waiver.** Where defendant refused to stand on its motion to strike out plaintiff's amended petition in an action for breach of contract for personal services on the ground of departure, and failed to make and file a term bill of exceptions, and pleaded over by filing an answer, and went to trial on its answer, and took its chances of winning, it waived and abandoned the motion.

11. **MISTRIAL: Improper Remarks of Witness: Struck Out: Refusal of Court to Order Mistrial: Not Prejudicial Error.** In an action for breach of contract for personal services, the refusal of the trial

Scharff v. Standard Tank Car Co.

court to order a mistrial because of the voluntary statement of one of plaintiff's witnesses on cross-examination by defendant, that an answer was filed by defendant in the hope that there might be a settlement, was not prejudicial error, where the court struck out the voluntary statement, and it did not appear that either plaintiff or his counsel were instrumental in causing the voluntary remark or that they were in any way responsible for it, and defendant's question, to which the statement was a response, was not specific.

12. **INSTRUCTIONS: No Presumption Jurors Disregarded Court's Instructions.** It will not be presumed that the jury disregarded the instructions of the court or violated their oath.

13. **APPELLATE PRACTICE: Mistrial: Improper Remarks of Witness: Ordering Mistrial: Discretion: Appellate Court Defers Largely to Trial Court's Views.** Where the question of improper remarks of a witness was presented to the consideration of the court in defendant's motion for a new trial and the court, in overruling same, did not consider it prejudicial error, the appellate court will defer largely to the views of the court below on that subject, for such matters are left to a great extent to its discretion.

---

*Headnote 1. Frauds, Statute of, 27 C. J., section 113; 2. Frauds, Statute of, 27 C. J., section 113; 3. Appeal and Error, 4 C. J., section 2623 (1925 Anno); 4. Appeal and Error, 3 C. J., section 891; 5. Trial, 38 Cyc, p. 1605; 6. Trial, 38 Cyc, p. 1666; 7. Trial, 38 Cyc, p. 1512; 8. Trial, 38 Cyc, p. 1689; 9. Trial, 38 Cyc, p. 1785; 10. Pleading, 31 Cyc, p. 753; 11. Appeal and Error, 4 C. J., section 2972; Witnesses, 40 Cyc, p. 2447; 12. Appeal and Error, 4 C. J., section 2717; 13. Trial, 38 Cyc, p. 1593.

Appeal from the Circuit Court of the City of St. Louis.— Hon. *Franklin Miller*, Judge.

AFFIRMED.

*Wood & Teasdale* for appellant.

*Randolph Laughlin* for respondent.

DAVIS, C.—This is an action for breach of contract for personal services. The jury awarded plaintiff a verdict for $4166.80, and from the judgment entered thereon defendant appealed.

I. Defendant contends that an instruction in the nature of a demurrer to the evidence should have been given the jury by the trial court, because plaintiff's evidence established an oral contract to employ plaintiff for one year, which was within the Statute of Frauds, to-wit, section 2169, Revised Statutes 1919. That part of the said section apposite reads: "No action shall be brought . . . upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memoranda or note thereof, shall be it writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized."

Plaintiff's evidence tends to show that during a second conversation, at which Mr. Wood-Smith, representing defendant, and plaintiff and Mr. Frumberg were present, had on October 15, 1920, plaintiff was engaged for one year at $5000, beginning that day, to be paid in semi-monthly instalments, although he was paid monthly after that.

Mr. Frumberg, plaintiff's witness, testified: "Mr. Wood-Smith asked Mr. Scharff if he had made up his mind what he wanted to do. Mr. Scharff said he had and Mr. Scharff told Mr. Wood-Smith that he wanted it to be understood that his employment was to be for a year at the same salary, $5000, that he was getting from Stauss & Co.; that Mr. Wood-Smith said: 'All right, go to work to day,' and with that he sent out and got two books, which he gave to Mr. Scharff, who accepted them, and said that he would start reading them and familiarize himself with the business that day."

Plaintiff testified: "He then furnished me two books, one an inspection book; I think the title was 'All About Tank Cars' and the other one was a rather elaborate affair that the Standard Tank Car Company gets out, a leather-bound book, showing various tanks and tank cars that they manufacture, and he instructed me then I was employed from that day on, and to take those books with me and to study them over thoroughly; there was a great deal of technical knowledge that was necessary

to become acquainted with in the sale of the tank car, and he told me to return the following morning, which was Saturday, and that was practically all that occurred at that meeting.''

Plaintiff's evidence further tended to show that Mr. Wood-Smith was vice-president of the defendant company, and that he employed plaintiff to travel in territory to be designated and to sell and negotiate the sale of tank cars; that plaintiff continued in the employ of defendant until about December 1, 1920, a period of about six weeks, when he was told by Mr. Wood-Smith that his services were no longer required. He was paid his salary to December 15, 1920 inclusive, although discharged about December 1st.

Defendant's evidence tends to show that by check dated November 15, 1920, plaintiff was paid $402.75. It also tends to show that plaintiff signed a receipt as follows:

"St. Louis, Mo. Nov. 16, 1920.

"Received of Standard Tank Car Company four hundred two dollars and seventy-five cents, salary from Oct. 18, 1920, to Nov. 15, 1920.

C. L. Scharff, $402.75."

On redirect examination plaintiff testified that the check for $402.75 was one day short of one month's pay.

Defendant contends that the contract of employment, as shown by the evidence, was within section 2169, Revised Statutes 1919, commonly known as the Statute of Frauds.

It seems concluded by our decisions that the construction of the words, "within one year from the making thereof," is interpreted as meaning that the year runs from the day the agreement is made and not from the day when the performance is to begin. [Biest v. Ver-Steeg Shoe Company, 97 Mo. App. 137, 70 S. W. 1081.] Our decisions also seem to conclude that in an action at law nothing short of full performance on the part of one party will take the case out of the statute. [Johnson v. Reading, 36 Mo. App. 306; affirmed in Nally v.

Reading, 107 Mo. 350, 17 S. W. 978; Hillis v. Rhodes, 205 Mo. App. 439, 223 S. W. 972.]

Plaintiff's evidence tend to show that his contract of employment for one year began October 15, 1920, the day of the making of the contract. The words of the statute "within one year" we construe as including an entire or full year, but it may not be construed as extending beyond that time. The statute does not preclude the bringing of actions on agreements that can be performed within one year, but only interdicts an agreement that cannot be performed within one year. It will be noticed that the statute, to-wit, section 2169, forbids oral leases for a longer time than one year, and it follows that oral leases for one year are without the statute. [Donovan v. Brewing Co., 92 Mo. App. 341.] We construe the words "within one year" in this connection with the same force and effect as the words "for a longer time than one year." The statute under consideration has the same force as though it read: "No action shall be brought upon any agreement that requires longer than one year from the making thereof to perform." Consequently, the statute does not interdict agreements that are to be performed within one year, but only such agreements as are not to be performed within one year. Therefore, an agreement made on October 15, 1920, for services for one year to begin that day, or from that day on, is a contract to be performed within one year from the making thereof, and is not a contract not to be performed within one year. It follows that the contract sued upon is without the provisions of the statute and is enforceable. [Embrey v. Dry Goods Company, 115 Mo. App. 130, 91 S. W. 170; Dykena v. Piano Co., 220 Mich. 600, 190 N. W. 638, 27 A. L. R. 660, and annotations.] We have just held, relative to the Statute of Limitations regarding demands against the estates of deceased persons, in substance, that where letters of administration were granted on a certain day and the demand was filed on the corresponding day of the next year, in which the first day was excluded and the last day included, that the claim was filed within the year. [Old Bank of

Stoutsville v. Curtis, 260 S. W. 812, (handed down April 1, 1924).] By analogy we think that section 7058, Revised Statutes 1919, relative to the construction of statutes, is applicable to section 2169.

Some contention is made by defendant, that as plaintiff receipted for $402.75 salary from October 18, 1920, to November 15, 1920, that it is demonstrated that the year did not begin until October 18, 1920. But it does not follow that because plaintiff made no contention regarding a day's salary and waived it, that the year did not begin to run on or from October 15, 1920. Plaintiff testified, "and he (Mr. Wood-Smith) instructed me that I was employed from that day on." The cause was properly submitted to the jury.

II. Defendant challenges the action of the trial court in giving plaintiff's instruction No. 1, as modified by the court, to the jury. It is as follows:

"The court instructs the jury that if you find and believe from the evidence that heretofore, to-wit, on October 15, 1920, the defendant orally employed plaintiff as defendant's traveling representative (A) *for one year then beginning,* and that plaintiff accepted (B) *said employment* and then and there agreed to render service to defendant as defendant's traveling representative for (C) *the said year,* and that the defendant then and there and in consideration thereof promised and agreed to pay plaintiff $5000 in semi-monthly installments, and traveling expenses and board and lodging while on the road, and that plaintiff entered upon and (D) *performed his duties* (E) *under said contract,* and that thereafter, and on or about December 15, 1920, the defendant (F) *wrongfully discharged* the plaintiff from (G) *said contract* and prevented plaintiff from thereafter performing his duties thereunder, and that plaintiff was willing, able, and offered to continue therein, then you are instructed to return a verdict in favor of plaintiff and against defendant for such sum as you may find and believe from the evidence is equivalent to plaintiff's salary (H) *at said rate of $5000 per year* for the (I) *unexpired period of the*

*contract* plus such sum, if any, as you may find and believe from the evidence is equivalent to what his board and lodging would have been on the road, within the territory where he was to travel for the defendant, for the proportion of time, if any, during which you may find and believe from the evidence he would have been traveling for the defendant had he been permitted to go on and complete his contract, if any; not to exceed, however, for this item, an amount equal to such reasonable amount, if any, as you may find and believe from the evidence plaintiff actually paid, if any, for such board and lodging for such proportion of time, if any; provided, however, that if you further find and believe from the evidence that during the (J) *unexpired period of the contract,* if any, plaintiff, by the exercise of due care, could have obtained a similar employment in the same locality (K) *covered by his contract with defendant,* then you should deduct from his damages, if any, such sum as you may find and believe from the evidence the plaintiff could reasonably have earned by his own exertions during such period and under such similar employment, if any.''

Before proceeding to the questions raised by defendant regarding the instruction, we desire first to dispose of matters urged by plaintiff denying the pertinency of defendant's objections:

(a) Plaintiff first urges that defendant's exception to the court's modification of instructions requested by plaintiff does not constitute an exception to a modification not requested by plaintiff. Turning to the record we find that defendant objected and excepted to instructions given to the jury of the court's own motion. We have lately held that an instruction modified by the court became the court's instruction, even where the complaining party requested, before modification, the instruction in the first instance. Plaintiff's instruction No. 1, so designated, was not plaintiff's instruction, but was the court's instruction, and as defendant objected and excepted to it and noted the alleged error in its motion for a new trial, it may justly predicate error on it. [Old Bank of Stoutsville v. Curtis, 260 S. W. 812.]

(b) Plaintiff secondly urges that the instruction is not expressly and specifically preserved by the motion for a new trial. The specification in said motion reads: "Because the court erred in giving and reading to the jury erroneous, illegal, misleading, improper and prejudicial instructions of its own motion, and erred in giving each and every one of said instructions of its own motion." While a division of our Supreme Court held, in State v. Stevens, 281 Mo. 639, 220 S. W. 844, that general assignments of error as to the giving and refusing of instructions was insufficient, this ruling is in conflict with Wampler v. Railroad, 269 Mo. 464, 190 S. W. 908, decided by the Supreme Court In Banc. Without referring in any manner to State v. Stevens, supra, the same division in State ex rel. v. Arnold, 254 S. W. 850, followed Wampler v. Railroad, supra. We feel constrained to follow the Wampler case, holding general specifications in the motion for a new trial, in the giving and refusing of instructions, sufficient.

It is well to state at this point that defendant's evidence tended to show that it did not employ plaintiff for one year, although it further tended to show that plaintiff was in its employ for a month and a half, and that it paid him for two months' services. It also tended to show that defendant discharged plaintiff for good cause.

The record shows that defendant offered five instructions, which we deem expedient to set out in determining whether prejudicial error is present in instruction No. 1. Defendant's instructions are as follows:

"No. 3.    The court instructs the jury that unless plaintiff has shown to your satisfaction, by the greater weight or preponderance of all the evidence in this case, that defendant employed plaintiff as its traveling representative for one year thence next ensuing, for an agreed compensation of $5000, payable in semi-monthly installments, and expenses, plaintiff cannot recover and your verdict will be for the defendant.

"No. 4. The court instructs the jury that if you find and believe from the evidence that defendant did not employ plaintiff for a specific period of one year, but only employed him upon the agreed compensation of $5000 per year, then he is not entitled to recover and your verdict will be for the defendant.

"No. 5. The court instructs the jury that unless plaintiff has proven to your satisfaction, by the greater weight or preponderance of all the evidence in this case, that defendant specifically employed him for the specific period of one year, he is not entitled to recover and your verdict will be for the defendant.

"No. 6. The court instructs the jury that even though you may find and believe from the evidence that the plaintiff was employed by defendant as its traveling representative for one year and for an agreed compensation of $5000, still, if you further find that the plaintiff did not perform his duties in a proper manner and in accordance with his contract, he is not entitled to recover and your verdict will be for the defendant.

"No. 8. The court instructs the jury that even though you may find and believe from the evidence that plaintiff was employed for a term of one year, and his compensation fixed at $5000, nevertheless, if you find and believe from the evidence that he was discharged by defendant for good cause, then he is not entitled to recover and your verdict will be for the defendant."

Defendant sets forth eleven specifications of error respecting instruction No. 1. The words in said instruction on which error is predicated are italicized by underscoring.

Specification "A" we have partly disposed of by the first paragraph of this opinion. In the second part of the specification defendant contends that the words "for one year then beginning," conflicts with defendant's instruction No. 3, to-wit, with the words "for one year thence next ensuing." The words "then beginning" and the words "thence next ensuing," are equivalent expressions qualifying the words for one year and both referring to the year then immediately following. We do not think that the jury misunderstood the issues or that the instructions are in conflict.

Specifications B, C, E, G, H, I, J and K, predicate error on the asumption of controverted facts. While it may be that the instruction does seemingly tend to assume facts, it will be noted that the instruction is opened by requiring the jury to find that defendant employed plaintiff as its traveling representative for one year then beginning, and unless the jury so found the above facts, plaintiff could not recover. We can then assume that the jury so found. As we are forced to assume by the opening portion of the instruction that the jury found that defendant employed plaintiff on October 15, 1920, and that the employment was for one year then beginning or thence next ensuing, the later reference in the instruction to the "said employment," "the said year," and the "said contract," merely directed the jury's attention to facts that they necessarily found at the very opening of the instruction. Being required and having found certain facts at the start, it was not prejudicial error for the instruction to assume the same facts which the jury had theretofore found. That is to say, having found certain facts, the jury in its consideration of the subsequent portions of the instruction could assume the facts theretofore found. What we have just said is applicable to specification "H." Defendant complains of said specification reading "at the rate of $5000 per year" as an assumption. But the jury had theretofore been required to find that the defendant then and there and in consideration thereof promised and agreed to pay plaintiff $5000 in semi-monthly instalments. The portion

complained of merely tends to assume a fact which the jury had theretofore been required to find true, and which they must have found true before they became justified in awarding plaintiff a verdict.

Defendant complains of specifications D and F, be- cause they submitted questions of law to the jury. The words complained of in specification D are, "performed his duties." It will be noted that the jury were re- quired to find "that plaintiff entered upon and per- formed his duties under said contract," but that a former portion of said instruction required the jury to find "that defendant employed plaintiff as its traveling repre- sentative and that plaintiff accepted and agreed to ren- der service as its traveling representative for the said year." The words "his duties" referred to his employ- ment as traveling representative, and the jury were theretofore required to find that he was so employed. What we have heretofore said relative to specifications B, C, et al., is applicable here. We do not think a ques- tion of law, for the reasons above stated, was submitted to the jury.

Specification F complains of the words "wrongfully discharged." Defendant thinks the word "wrongfully" should have been defined, and that by a failure so to do a law question went to the jury. Even though it be con- ceded that the words should have been defined, never- theless we think that the vice, if any, was cured by defendant's instruction No. 8, which in effect told the jury to find for defendant if plaintiff was discharged for good cause. We think the issue was clearly under- stood by the jury, and that a failure to define the word was harmless.

Even if we may say that the errors complained of were present in instruction No. 1, we think they have been cured by defendant's instructions Nos. 3, 4, 5, 6 and 8. These instructions clarified the questions of as- sumptions and questions of law complained of in instruc- tion No. 1, so that the issues were clearly presented to the jury.

III. Defendant filed a motion to strike out plaintiff's amended petition, on the ground of departure. The original petition filed on March 17, 1921, based plaintiff's right of recovery on compensation due and payable for three months, to-wit, from December 15, 1920, to March 15, 1921. The amended petition filed on December 1, 1922, after one year had passed sought recovery for breach of contract and salary for the unexpired portion of the year. Defendant, after the motion to strike out the amended petition, failed to make and file a term bill of exceptions, and pleaded over by filing an answer generally denying and averring that the agreement came within the Statute of Frauds. While it may be that plaintiff's amended petition was a departure (Lennox v. Vandalia Coal Co., 158 Mo. 473, 59 S. W. 242), nevertheless as defendant refused to stand on its motion to strike out the amended petition, went to trial on its answer and took its chances of winning, it waived and abandoned the motion. [White v. Railroad, 202 Mo. 539, l. c. 561-2, 101 S. W. 14; McManama v. Railroad, 175 Mo. App. 43, 158 S. W. 442; Hanson v. Neal, 215 Mo. 256, 114 S. W. 1073.] In Jackson v. Johnson, 248 Mo. 680, 154 S. W. 759, it is held that with the exception of the two vital defects of failure to state a cause of action and dearth of jurisdiction in the court, joindure of issue on the facts waives all defects in the petition. Nor does a motion in arrest bring up the question for review. [La-Crosse Lumber Company v. Railroad, 197 Mo. App. 546, 196 S. W. 1015.]

IV. Defendant finally complains of the action of the court below in refusing to discharge the jury and declare a mistrial because of the voluntary statement of plaintiff's witness Frumberg made on cross-examination. The question to which the statement of witness Frumberg appeared to be a response, the response of the witness, the motions of defendant to strike out the statement and to discharge the jury and the ruling and comment of the court thereon, are as follows:

"Q. Your firm filed the first answer that was filed in this case on behalf of the defendant? A. Well, I did not file any answer in this case.

"Q. I will call your attention to the answer in this case filed April 6, 1921, on behalf of the Standard Tank Car Company, on the back of which is 'Frumberg & Russell, attorneys for defendant,' filed April 6, 1921. A. Mr. Russell filed that at the request of Mr. Wood-Smith in the hope that there might be a settlement.

MR. GREEN: I move to strike that out on the ground, first, that it is a voluntary statement on the part of the witness; and on the ground, second, that it is a privileged communication, and then I move to discharge the jury in this case because of that highly improper remark made by Mr. Frumberg, who is an attorney and knows that he had no business to make such a remark.

"THE COURT: I sustain your first motion to strike it out. It does appear, however, that plaintiff in this case or his counsel were instrumental in bringing out that voluntary addition to the answer. If the plaintiff or his attorney were responsible, I would discharge the jury, but I do not think they had anything to do with it. I shall not prejudice plaintiff's standing in court by discharging the jury for that account, but I will caution the jury to disregard that part of the statement of the witness, namely, that it was filed by Mr. Russell in the hope of obtaining a settlement, as having no bearing on the case and being improper, prejudicial and should not have been made.

"Mr. Green: I except to your Honor's refusal to discharge the jury."

It appears the court struck out the voluntary statement. It does not appear that plaintiff or his counsel were instrumental in causing the voluntary remark or that they were in any way responsible for it. Defendant's question, to which the statement was a response, was not specific. It merely called the attention of witness to the answer filed April 6, 1921, on the back of which was Frumberg and Russell, attorneys for defendant; but it later appears that the answer bore Mr. Russell's signature. The attention of the witness being

called to the answer, the question, as propounded, was subject to any response. We think that, in striking out the statement and cautioning the jury to disregard it, prejudicial error does not appear, for it will not be presumed that the jury disregarded the instructions of the court or violated their oath. Then again, this question was presented to the consideration of the court in defendant's motion for a new trial, and the court, in overruling same, did not consider it prejudicial error. We defer largely to the views of the court below on that subject, for those are matters left to a great extent to its discretion. [Distler v. Ins. Co., 206 Mo. App. 263, 227 S. W. 133; Wojciechowski v. Coryell, 217 S. W. 638.]

The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.