STATE ex rel. STATE HIGHWAY COMMISSION of Missouri, Respondent,

v.

Raymond CLARK et al., Appellants.

No. 40253.

Missouri Court of Appeals, Eastern District, Division Three.

April 24, 1979.

J. B. Carter, Clayton, for appellants.

Richard E. Baker, Legal Division, Kirkwood, Bruce A. Ring, Chief Counsel, Jefferson City, for respondent.

CLEMENS, Senior Judge.

In this condemnation case defendant landowners, Raymond and Eleanor M. Clark, have appealed from a $55,000 judgment awarded for taking part of their filling station property.

By their points relied on defendants vaguely contend: "I. The trial court erred in allowing plaintiff's counsel to improperly question defendant, Ray Clark, in a manner calculated to impugn his integrity, confuse the issues and prejudice the jury against the defendants."

"II. The trial court erred in permitting an improper and highly prejudicial closing argument by counsel for the plaintiff, in that counsel misstated the evidence, and maligned the character and integrity of the defendants."

Rule 84.04(d), VAMR, requires points relied on to state concisely *what actions* by the trial court are challenged and *wherein and why* they are erroneous, and declares abstract statements do not comply with the rule. Appellant's points are even less specific than those condemned in *Earney v. Clay*, 516 S.W.2d 59 [1–3] (Mo.App.1974).

The purpose of Rule 84.04(d) is to enable opposing counsel—and the court—to get to the hard-core issues. This can be done only when an appellant's points relied on clearly and specifically pinpoint claimed errors. *Caveness v. Armstrong*, 525 S.W.2d 446 [2, 3] (Mo.App.1975); *Pauling v. Roundtree*, 412 S.W.2d 545 [1] (Mo.App.1967). By ignoring the rule defendants have forfeited their right to appellate review.

On our own motion under the plain error rule we have reviewed defendants' contentions made in the argument portion of their brief. The case was tried aggres-

sively; objections arose frequently, but defendants now point to no material adverse ruling. Generally, objections were ruled in defendants' favor. Now, however, they contend plaintiff's evidentiary objections, although overruled, were "designed to implant in the minds of the jury that defendants were improperly trying to obtain recovery for lost profits." Defendants also complain of parts of plaintiff's closing argument, to which the court *sustained* defendants' objections. The allegedly harmful effect of the plaintiff's evidentiary objections and closing argument, despite rulings in defendant's favor, was a matter addressed to the trial court's broad discretion in ruling on matters allegedly affecting the determination of fact issues. *Overtrop v. Bi-State Development Agency*, 521 S.W.2d 488 [1–4] (Mo.App.1975). In sum, we find no material error resulting in manifest injustice under Rule 84.13(b, c), VAMR.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.