STATE of Missouri ex rel. STATE
HIGHWAY COMMISSION of
Missouri, Plaintiff-Appellant,

v.

L. Ray HEDGPETH et al. on Exceptions
of George W. Wright and Betty H.
Wright, Defendants-Respondents.

No. 10510.

Missouri Court of Appeals,
Southern District,
Division Two.

July 5, 1979.

Bruce A. Ring, Chief Counsel, William T. Powers, Jr., Asst. Counsel, Jefferson City, for plaintiff-appellant.

James L. Eiffert, Ozark, for defendants-respondents.

HOGAN, Judge.

This is a condemnation action. In the course of acquiring right-of-way for the construction and maintenance of Highway 14, the State Highway Commission took about 4 acres of land which belonged to defendants Wright. Commissioners appointed by the court assessed the defendants' damages at $7,250. The defendants excepted to the award as provided by Rule 86.06, V.A.M.R., and the issue of damages was tried to a jury. The jury assessed defendants' damages at $16,000 and a verdict was entered accordingly. The Commission appeals.

A single issue is presented. It is whether the unresponsiveness of a single witness for the defendants was such that a mistrial should have been declared.

The claim of error must, of course, be considered in factual context. The parcel taken was small, but it is fair to say that the defendants conducted a high-grade dairy operation on their property, and the Commission's taking deprived them of a valuable all-weather spring. The taking of the spring alone, in defendant George Wright's opinion, had diminished the value of his dairy farm in the amount of $15,000. Defendants also had evidence from one Richard Bilyeu, a well-qualified witness, that the amount of their damage was $16,-000. There is no contention that the verdict was not supported by substantial evidence, even though the Commission produced two witnesses who testified defendants' damages amounted to $3,400 and $3,500. There is no claim that noncompensable items were

considered. The finding of the jury was clearly within the range of the evidence, and of course the jury was not required to find an amount precisely in accordance with the claim of either party. *Baker v. Brown's Estate*, 365 Mo. 1159, 1165, 294 S.W.2d 22, 27[14] (1956).

So, we are reduced to considering whether witness Keller's demeanor was such as to deny the Commission a fair trial. Keller, called by the defendants, demonstrated that part of his testimony was based on hearsay. Thereupon the Commission moved to strike all Keller's testimony. Mr. Keller then continued:

"THE WITNESS: You'd move the truth knocked out of anything, wouldn't you?

THE COURT: Mr. Keller—

MR. POWERS: —Your Honor, I ask for a mistrial now. That's highly prejudicial. Let's try this case over then. This witness continues to answer me that way, no matter when I have him.

THE COURT: Motion for mistrial denied, and you may ask your question. That portion of the testimony pertaining to the cost obtained from the Wrights be ordered stricken from the record, and the jury—

MR. POWERS: —I ask that the witness be admonished.

THE COURT: I beg your pardon.

MR. POWERS: I asked the witness be admonished for making that assertion.

THE COURT: I admonish the witness to be very responsive to the questions asked by—

THE WITNESS: —I apologize—

THE COURT: —That's quite all right—by Mr. Garrison and whoever conducts the cross examination, whether it be Mr. Powers or Mr. Johnson."

Later, upon cross-examination, the witness again mistook a court of law for a public forum, and fenced with his cross-examiner in the following manner:

"Q. Let me strike that question. Did you—do you intend to be paid or were you paid to make an appraisal on this property?

A. Never said a word about pay, and I never asked—

Q. —Are you just here because—

A. —But, I did tell you boys on the witness stand one time I'd work for you for nothing if you'd go down the line and treat the farmer fair.

MR. POWERS: Your honor, I move for a mistrial. I can't interrogate this witness if he answers that way.

MR. JOHNSON: Your Honor, I think this is highly—

THE COURT: —I'm going to order this last statement of Mr. Keller stricken from the record and admonish Mr. Keller to be as responsive as he can be; just answer the question that is asked of you by Mr. Garrison, by Mr. Powers, and by Mr. Johnson, if he should inquire, and refrain from making any comments, and I request the jury—

THE WITNESS: —if they'd be as nasty to you as they are to me—

THE COURT: —Just—Just—

MR. POWERS: —Your Honor, there you are. I again move for mistrial because this jury is highly prejudiced against me already because of what this witness has said. We couldn't get a fair verdict if we wanted to now with a witness talking to me like that.

THE WITNESS: Well, you've talked to me worse than that—

THE COURT: —Just a minute. We'll stand in recess for five minutes."

■■■ The Commission's position is that nothing short of a new trial will redress Mr. Keller's abusive unresponsiveness. We cannot agree. Ordering a mistrial or a new trial because of a witness' improper or unresponsive remarks is a matter within the trial court's discretion. *State v. McClain*, 531 S.W.2d 40, 44–45[6] (Mo.App.1975); *Scharff v. Standard Tank Car Co.*, 214 Mo. App. 658, 670–672, 264 S.W. 56, 60–61[11–13] (1924). We cannot know Mr. Keller's manner of response nor the tone of voice in which he was addressed. The trial court

was present and could judge the effect of any impropriety upon the jury. We decline to interfere with the trial court's exercise of discretion. The judgment is affirmed.

BILLINGS, C. J. and YEAMAN, CONLEY and RAGLAND, Special Judges, concur.