**STATE of Missouri, ex rel., STATE HIGH- WAY COMMISSION OF MISSOURI, (now Missouri Highway & Transportation Commission), Plaintiff-Appellant,**

v.

**ZEHM ENTERPRISES, INC., et al., Exceptions of Zehm Enterprises, Inc., Tract No. 34, Defendant-Respondent.**

No. 12520.

Missouri Court of Appeals,
Southern District,
Division Three.

Feb. 28, 1983.

Motion for Rehearing and to Transfer to Supreme Court Denied March 25, 1983.

Application to Transfer Denied May 31, 1983.

Bruce A. Ring, Rich Tiemeyer, Dennis J. Redel, Jefferson City, for plaintiff-appellant.

Clinton B. Roberts, Roberts, Roberts & Rohrer, Farmington, for defendant-respondent.

MAUS, Judge.

By this action the Missouri Highway and Transportation Commission (Commission) appropriated the right-of-way for a limited access highway across the northern part of a platted subdivision. At the time of the appropriation, all but 2 of the 71 platted lots were yet owned by the developer, Zehm Enterprises, Inc. (Zehm). The subdivision was located near the northern perimeter of the city of Poplar Bluff. The Commission appeals from an award of $254,000 to Zehm.

A sketch of the facts is sufficient background for an understanding of the Commission's points on appeal. In the latter part of 1976, Zehm bought four separately owned, but contiguous, tracts which comprise the subdivision. There was undisputed testimony that considered separately, each tract was too small for development as a subdivision. The size of the combined tracts was approximately 31 acres. All of the witnesses agreed the highest and best use of the real property was for a residential subdivision.

A plat of the area as such a subdivision was filed on September 20, 1978. Excluding the dedicated streets, the subdivision contained approximately 27 acres platted into 71 lots. The date of taking was December 23, 1978. At that time the subdivision had been improved by the grading and graveling of the streets, the drilling of a well to serve the subdivision, the installation of a substantial amount of water mains and pipes, and the installation of a small section of sewer main to be eventually incorporated into a community sewer system. Plans had been prepared for such a system. The subdivision was served by electricity and telephone service. Two lots, one with a completed house, had been sold. By the time of taking, on other lots Zehm had constructed two 6-room houses, had a similar house 85% completed, had excavated for two basements, and had poured a concrete slab. The only access to the subdivision was from the south.

The limited access right-of-way ran in an east-west direction across the northern part of the subdivision. There were approximately 2.72 "landlocked" acres north of the right-of-way. The right-of-way contained 6.9 acres. There were 16.5 acres owned by Zehm in the subdivision south of the right-of-way. It was generally conceded the appropriation substantially destroyed the value of the landlocked acres north of the right-of-way. There were 26 lots in the area north of and in the right-of-way itself. In addition, the appropriation included the northern fringes of seven other lots. Including the last mentioned lots, there were 43 lots left in the subdivision owned by Zehm at the time of the appropriation. The appropriation included the two completed houses, the house 85% complete, the two basement excavations and the concrete slab. Also included was a substantial amount of graded and improved streets. The opinions of the three expert witnesses presented by Zehm concerning the amount of damage to the property ranged from $284,000 to $363,300. Such opinions of the six expert witnesses called by the Commission ranged from $116,250 to $160,400.

The Commission's first point is that the trial court erred in denying the Commission's motion to strike the "valuation testimony" of Zehm's expert witnesses Hulsey and Holloway. Each of these witnesses considered the appropriation in practical effect included the property north of the right-of-way. They based their opinions upon the reasonable market value of the lots in the right-of-way and north thereof and the diminution in fair market value of the lots on the south that were partially included in the right-of-way. They did not value or consider any lots south of those included in or touched by the right-of-way. They stated these lots did not seem to be affected.

The Commission insists the failure to strike this valuation testimony is reversible error. It is true that in the event of a partial taking, the approved measure of damages is the difference between the fair market value of the whole property immediately before the taking and the fair market value of the remaining property immediately after the taking. MAI 9.02; *State*

*ex rel. State Hwy. Comm. v. Nickerson,* 578 S.W.2d 916 (Mo.banc 1979). The formulation of an opinion of damages upon the basis used by these witnesses is not to be encouraged and in certain circumstances can constitute error. 4A Nichols on Eminent Domain, Comparison of Both Rules, § 14.07[1] (1981). However, it has long been recognized that an opinion upon such a basis may not be error. "The same result may be reached in another way, by awarding the landowner the market value of the land actually taken, plus the consequential damage, if any, to the remainder of the land of which that taken formed a part, caused by the taking, . . . less the special benefits, if any, accruing in consequence of the making of the improvement." *State ex rel. State Highway Commission v. Kendrick,* 383 S.W.2d 740, 745 (Mo.1964). In this case there was no suggestion of special benefits accruing to the remaining property. These witnesses testified the appropriation did not affect the value of the property they did not consider. In these circumstances their opinions of damage were the difference between the fair market value of the whole property immediately before and the remaining property immediately after the taking expressed in a different way. *State ex rel. State Highway Commission v. Bowling,* 414 S.W.2d 551 (Mo.banc 1967). It was not error to refuse to strike such testimony. *State ex rel. State Highway Commission v. Kendrick,* supra; *State ex rel. State Highway Commission v. Bowling,* supra; *City of St. Louis v. Vasquez,* 341 S.W.2d 839 (Mo.1960).

■ The Commission's remaining two points are based upon the determination of the trial court the Commission could not show the prices paid by Zehm for the four tracts constituting the subdivision. The Commission attempted to show the total price by cross-examination of Robert Zehm and by direct examination of its own witness. The Commission correctly cites the general rule to be: "It is the established rule in this state, and generally, that the price an owner paid for property being condemned is admissible as some evidence of its value at the time of appropriation. That rule applies unless circumstances appear which destroy the relevancy or probative value of that otherwise relevant and highly important evidence." *State ex rel. State Highway Commission v. Rauscher Chevrolet Company,* 291 S.W.2d 89, 92 (Mo.1956). Zehm counters that the circumstances in this case do cause such evidence to be lacking probative value and "[t]he trial court's decision to admit or refuse such evidence, since it falls within the realm of discretion, should not be disturbed on appeal absent a clear showing that the trial court manifestly abused its discretion." *Land Cl. for Redev. Auth., etc. v. Massood,* 526 S.W.2d 354, 360 (Mo.App.1975). Zehm supports that argument by the fact that each tract considered separately was not suitable for a subdivision. It cites the factor of "plottage" as a change in condition causing the purchase price to be inadmissible. *State ex rel. State Highway v. Armacost Motors,* 552 S.W.2d 360 (Mo.App.1977); Annot., Eminent Domain—Assemblage or Plottage, 8 A.L.R. 4th 1202 (1981). Zehm also asserts the inadmissibility is clearly established because of the extensive improvements made to the subdivision. Zehm cites: "It has been held that a sale of non-platted lots cannot be used as evidence to determine the value of platted lots, or vice versa, even though both parcels are in the same vicinity." 5 Nichols on Eminent Domain, Comparison, § 21.31[3] (1981).

It is not necessary to determine if the trial court's exclusion of evidence of the total purchase price was an abuse of discretion. *State ex rel. State Highway Commission v. Baker,* 505 S.W.2d 433 (Mo.App.1974) cited by the Commission is to be distinguished. There the trial court gave its approval to a flagrant misuse of an alleged admission of value by an employee of the Commission. The controlling doctrine applicable to this point has been stated: "Moreover, before passing from this point, it is important to note that the appellate courts of this state and most other states have long held that in land damage cases errors in admission or exclusion of evidence will not result in the reversal of verdicts

**498**

unless there is substantial and glaring injustice." *State ex rel. State Highway Com'n v. Texaco, Inc.,* 502 S.W.2d 284, 289 (Mo.1973). Also see *State ex rel. State Highway Commission v. Bowling,* supra; *State ex rel. State Hwy. Comm. v. Hedgpeth,* 581 S.W.2d 927 (Mo.App.1979); *Missouri State Park Board v. McDaniel,* 473 S.W.2d 774 (Mo.App.1971), 51 A.L.R.3d 1040 (1973).

In urging this point the Commission emphasizes the great disparity between the opinions of the expert witnesses for the Commission and those for Zehm. There is "considerable difference between the estimates of the witnesses for plaintiff and those of defendants, but that is no justifiable basis for us to disturb the verdict, . . . and it was the prerogative of the jury to resolve the evidentiary conflicts as to values and damages." *State ex rel. St. Hy. Com'n v. Twin Lakes Golf Cl., Inc.,* 470 S.W.2d 313, 315 (Mo.1971).

The Commission, by its objections, kept from the jury the cost of several improvements to the subdivision. Compare *State ex rel. State Highway Com'n v. Moore,* 565 S.W.2d 810 (Mo.App.1978) and *State ex rel. State Highway Commission v. Dockery,* 300 S.W.2d 444 (Mo.1957). One witness presented by the Commission testified he took into consideration the purchase price of the four tracts. Each witness presented by the Commission testified the per acre value of the subdivision, as distinguished from improvements, such as houses, at the time of taking greatly exceeded the per acre purchase price as established by the Commission's offer of proof. Under these circumstances, if it was error to exclude those purchase prices, such exclusion did not cause a substantial and glaring injustice. *State ex rel. State, etc. v. Select Properties,* 612 S.W.2d 866 (Mo.App.1981); *State ex rel. State Highway Comm'n v. Clark,* 581 S.W.2d 919 (Mo.App.1979). The point is denied and the judgment is affirmed.

GREENE, C.J., and FLANIGAN and PREWITT, JJ., concur.